JAMESTOWN & NEWPORT FERRY CO., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 19412, 25013. Promulgated May 23, 1929.

*Guy Mason, Esq.*, and *R. A. Littleton, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The petitioner claims that its income, or at least that proportion thereof which the stock owned by the town of Jamestown bears to the total stock outstanding, is exempt from Federal income taxation under section 213 (b) (7) of the Revenue Acts of 1921 and 1924. Section 213 (b) (7) of the Revenue Act of 1921, which is substantially similar to the corresponding section of the Revenue Act of 1924, is as follows:

That for the purpose of this title (except as otherwise provided in section 233) the term " gross income "—

\* \* \* \* \* \* \*

(b) Does not include the following items, which shall be exempt from taxation under this title:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(7) Income derived from any public utility or the exercise of any essential governmental function and accruing to any State, Territory, or the District of Columbia, or any political subdivision of a State or Territory, or income accruing to the Government of any possession of the United States, or any political subdivision thereof.

Whenever any State, Territory, or the District of Columbia, or any political subdivision of a State or Territory, prior to September 8, 1916, entered in good faith into a contract with any person, the object and purpose of which is to acquire, construct, operate, or maintain a public utility, no tax shall be levied under the provisions of this title upon the income derived from the operation of such public utility, so far as the payment thereof will impose a loss or burden upon such State, Territory, District of Columbia, or political subdivision; but this provision is not intended and shall not be construed to confer upon such person any financial gain or exemption or to relieve such person from the payment of a tax as provided for in this title upon the part or portion of such income to which such person is entitled under such contract; \* \* \*.

The manifest purpose of the Act is to exempt from taxation the income of the States, their political subdivisions, and the other governmental entities named. The income of public utilities, although they are engaged in a business in some respects public in character and perform a public service and for that reason are subject to the regulations and control of the State or other government, is not, as such, exempt. It is only when such income accrues to the governments that it becomes exempt. Not only is the purpose and intent to restrict the exemption to income of the specified governments themselves clearly stated in affirmative language, but any contrary intent and purpose is expressly negatived.

The petitioner contends that it is not only a public utility, but also an instrumentality of the town of Jamestown, exercising an essential governmental function, and that its income for the taxable years accrued to the town, a political subdivision of the State of Rhode Island. The respondent admits that petitioner is a public utility, but denies that it is an instrumentality of Jamestown, exercising an essential governmental function, and that its income for the taxable years accrued to the town.

The immunity of the States, their property and the instrumentalities employed in the exercise of their governmental powers and duties, from Federal taxation, independently of statutory exemption, is well settled doctrine. *Collector* v. *Day*, 11 Wall. 113; *United States* v. *Railroad Co.*, 17 Wall. 322; *Pollock* v. *Farmers' Loan & Trust Co.*, 157 U. S. 429–584; *Ambrosini* v. *United States*, 187 U. S. 1. On the other hand, it is equally well settled that when the States depart from governmental activities and engage in private business, they lose their sovereign character and become private citizens, subject to Federal taxation so far as the operations of that business are

concerned. *United States Bank* v. *Planters' Bank*, 9 Wheat. 904; *South Carolina* v. *United States*, 199 U. S. 437; *Georgia* v. *Chattanooga*, 264 U. S. 472.

It is not every agency or instrumentality of a State that is exempt from Federal taxation, but only those immediately and directly employed in the exercise of its sovereign powers, the exemption being founded in the prohibition to interfere with the exercise by the State of its governmental functions. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514. Cf. *Railroad* v. *Peniston*, 18 Wall. 5. The mere fact that a corporation is created by a State or the Federal Government,. or under the authority of either, and is employed by its creator, does not render it exempt from taxation by the other government. In *Osborn* v. *The Bank*, 9 Wheat. 739, 859, holding that the Bank of the United States was not a private corporation, but a public corporation created for National purposes and exempt from State taxation, the court conceded that had it been a private corporation with private trade and profit its purpose it would be subject to taxation by the State. As to such a corporation the court said:

This mere private corporation engaged in its own business, with its own views, would certainly be subject to the taxing power of the State, as any individual would be; and the casual circumstance of its being employed by the government in the transaction of its fiscal affairs would no more exempt its private business from the operation of that power than it would the private business of any individual employed in the same manner.

In *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, the court, referring to the immunity of the States and their instrumentalities from Federal taxation, said at pages 157 and 158:

The cases unite in exempting from Federal taxation the means and instrumentalities employed in carrying on the governmental operations of the State. The exercise of such rights as the establishment of a judiciary, the employment of officers to administer and execute the laws and similar governmental functions can not be taxed by the Federal Government. *The Collector* v. *Day*, 11 Wall. 113; *United States* v. *Railroad Co.*, 17 Wall. 322; *Ambrosini* v. *United States*, 187 U. S. 1.

But this limitation has never been extended to the exclusion of the activities of a merely private business from the Federal taxing power, although the power to exercise them is derived from an act of incorporation by one of the States. We, therefore, reach the conclusion that the mere fact that the business taxed is done in pursuance of authority granted by a State in the creation of private corporations does not exempt it from the exercise of Federal authority to levy excise taxes upon such privileges.

The fact that a corporation derives its powers from a State and renders a service of a public nature, for the public benefit and convenience, and is subject to supervision and regulation by the State because of the public character of its operations, does not constitute it an instrumentality of the State in the exercise of its governmental

functions and render it exempt from taxation by the United States. *Flint* v. *Stone Tracy Co., supra.*

In that case it was held that so-called public service corporations, such as street and interborough railways, created and operating under franchises from the State and subject to regulation by the State, are not exempt from Federal taxation. In passing on this phase of the case the court used the following language at pages 171 and 172:

In the case of *South Carolina* v. *United States,* 199 U. S. 437, this Court held that when a State, acting within its lawful authority, undertook to carry on the liquor business, it did not withdraw the agencies of the state, carrying on the traffic, from the operation of the internal revenue laws of the United States. If a state may not thus withdraw from the operation of a Federal taxing law a subject-matter of such taxation, it is difficult to see how the incorporation of companies whose service, though of a public nature, is, nevertheless, with a view to private profit, can have the effect of denying the Federal right to reach such properties and activities for the purposes of revenue.

It is no part of the essential governmental functions of a state to provide means of transportation, supply artificial light, water, and the like. These objects are often accomplished through the medium of private corporations, and though the public may derive a benefit from such operations, the companies carrying on such enterprises are nevertheless private companies, whose business is prosecuted for private emolument and advantage. For the purpose of taxation they stand upon the same footing as other private corporations upon which special franchises have been conferred.

The true distinction is between the attempted taxation of those operations of the states essential to the execution of its governmental functions, and which the state can only do itself, and those activities which are of a private character. The former, the United States may not interfere with by taxing the agencies of the state in carrying out its purposes; the latter, although regulated by the State, and exercising delegated authority, such as the right of eminent domain, are not removed from the field of legitimate Federal taxation.

In *South Carolina* v. *United States*, where the State prohibited the private traffic in liquor and conducted the business itself through agents appointed by it, the Supreme Court held that the agents were not exempt or immune from the Federal excise tax upon dealers in liquor. The decision holds in effect that the act of prohibition and the designation of the means for trafficking in liquor were in the exercise of the State's police power, a sovereign governmental power, but the conduct of the business itself was purely of a private character and discharged no governmental function whatever.

Likewise, in *Flint* v. *Stone Tracy Co.*, the so-called public service corporations were engaged in providing a service of a public character, in conducting a business affected by a public interest and one from which the public derived a distinct benefit. Because of the public interest involved, the business properly was subject to the supervision, regulation and control of the State. Nevertheless, the business—that of transportation—was held to be a private under-

taking, conducted primarily with a view to private profit. Though the granting of the franchise or charter and the adoption of rules and regulations for the proper conduct of the business to the end that its maintenance and operation would be productive of the greatest benefit to the public was the exercise of governmental power, the corporation which was authorized by the State to conduct the service or business was not an agency or instrumentality exercising a governmental function of the State. It was a private corporation, organized with a view to private profit and operating a private business, and as such was subject to Federal taxation.

So it is in the present case. The petitioner is a private corporation, organized under special act of the State legislature and authorized to maintain and operate a ferry, a means of transportation across water. A " ferry " has been variously defined and often has been referred to as a continuation of the highway from one side of the water over which it passes to the other. Because of this relation to the highway and upon the ground that it is the duty of any government (national, state or municipal) to provide suitable roads and highways for the public, it has been held that when a county government established a ferry, and itself operated the ferry, it was in the exercise of a strictly governmental function. (See *United States* v. *King County, Wash.*, 281 Fed. 686.) Petitioner strongly relies on this case and cites it as complete authority for the proposition that the operation of a ferry, even by a private corporation, under authority from the State, is in the exercise of a governmental function of the State. Reserving comment as to the soundness of that decision, which might well be questioned in the light of the holding of the Supreme Court in *South Carolina* v. *United States*, *supra*, and *Flint* v. *Stone Tracy Co.*, *supra*, it is sufficient here to point out that there the ferry was operated by the State itself through one of its political subdivisions, which distinguishes it from the instant case. Nothing in the cited case justifies a holding that the maintenance and operation of a ferry by a private corporation under authority from the State is an exercise of an essential governmental function by an instrumentality of the State. It will be noted that while the language employed may at first appear to give support to the view contended for by the petitioner, the court carefully limited its decision to the establishment and operation of the ferry by the governmental body itself.

Moreover, it is not entirely accurate, indeed it is misleading, to say that a ferry is a continuation of the highway and, therefore, a part of the highway. The term " ferry " essentially connotes a means of transportation. See *Gloucester Ferry Co.* v. *Pennsylvania*, 114 U. S. 196. The water itself is the continuation of the highway, however incapable of convenient passage it may be by human beings

without the aid of artificial devices or contrivances, and a ferry, which necessarily implies a boat or raft or the like, is the means by which the highway is traversed. It has been defined as:

A liberty to have a boat upon a river for the transportation of men, horses, and carriages with their contents, for a reasonable toll * * *. The place where such liberty is exercised. * * * Ferry properly means a place of transit across a river or arm of the sea; but in law it is treated as a franchise, and defined as the exclusive right to carry passengers across a river, or arm of the sea, from one vill to another, * * *. Bouvier's Law Dictionary, Vol. 2, p. 1208.

It is, of course, well recognized that the right to license ferries, and to grant franchises for the establishment, maintenance and operation of ferries, is one of the powers reserved to the States. See *Gibbons* v. *Ogden*, 9 Wheat. 1; *Conway* v. *Taylor*, 1 Black 603; and *Fanning* v. *Gregoire*, 16 How. 524. The exercise of such right by the State is in discharge of its governmental powers. The license or franchise having been granted to a private person, or corporation, however, the actual maintenance and operation of the ferry business, the transportation service, is in no wise a governmental function and such person is not an instrumentality of the State exercising a governmental function. *Flint* v. *Stone Tracy Co.*, *supra*. Nor does the fact that the State owns a majority of the stock of the corporation to which the franchise or license is granted render the corporation an instrumentality of the State for the exercise of a governmental function. The corporation is, nevertheless, a private corporation, conducting a private business, and subject to Federal and State taxation. In *Railroad Co.* v. *Commissioners*, 103 U. S. 1-4, it was held that a railroad company incorporated by the State, and in which the State owned two-thirds of the stock, was not exempt from State taxation in the absence of express statutory exemption. The court said, in passing:

We can not see that the claim of the company is at all strengthened by the fact that the State was to be the largest stockholder, and to some extent preferred in the division of profits. The corporation in that way was not made a part of the government. It had certain duties to the public to perform: but it was, notwithstanding the State's interest in its stock, just as much a private corporation as any other railroad company is. * * * The public ownership of the stock gave the company no more rights against the State than a private ownership would. * * *

We think it clear that the petitioner is not an instrumentality of the town of Jamestown exercising an essential governmental function and as such exempt from Federal taxation, but is a private corporation conducting a private business. *Flint* v. *Stone Tracy Co.*, *supra;* cf. generally *Coronado Oil & Gas Co.*, 14 B. T. A. 1214. It follows that petitioner's income for the taxable years was not derived from the exercise of an essential governmental function.

There remains only to consider whether or not petitioner's income for the taxable years accrued to the town of Jamestown, within the meaning of section 213(b)(7), it being conceded that petitioner operates a public utility and that its income was derived from a public utility.

In *Ernest M. Bull*, 7 B. T. A. 993, we pointed out the difficulty attending any attempt to encompass by definition the meaning of the word "accrue" as employed in the revenue acts. Its meaning in every case must be found in the accompanying language and in the subject matter with respect to which the term is used. We deem it unnecessary, however, for the purposes of this case to seek a comprehensive definition of the term. Clearly then, when the statute exempted from taxation "income derived from any public utility * * * and accruing to any State * * * or any political subdivision of a State * * *" it referred only to income belonging to the State or its political subdivision. It is familiar doctrine that a corporation is a distinct legal entity separate and apart from its stockholders. (See *W. J. Hunt*, 5 B. T. A. 356, citing *McCaskill Co.* v. *United States*, 216 U. S. 504, and *Eisner* v. *Macomber*, 252 U. S. 189.) The town of Jamestown was only a stockholder in the petitioner. The fact that the town owned a majority of the stock, or even all the stock, is of no consequence. The separateness of the two identities, or legal entities, the corporation and the stockholder, is maintained. The income of the corporation is not the income of the stockholder. The stockholder is not entitled to the income of the corporation or any part of it, until it has been set apart by proper corporate action. In the instant proceeding the income in respect of which the deficiencies are asserted was income of the petitioner, a private corporation, and not income of the town of Jamestown, a stockholder in such corporation. It is found as a fact that petitioner did not declare dividends and did not credit any amount on its books to its stockholders. The town therefore was not entitled to the income in question, or any part of it. It follows, necessarily, that no part of that income accrued to the town of Jamestown.

We conclude, therefore, that petitioner is not exempt from Federal income taxation and that no part of its net income for the taxable years is exempt from Federal taxation under section 213(b)(7) of the Revenue Act of 1921. Accordingly, the deficiencies as determined by the respondent are approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

GREEN dissents.