## HICKEY et al. v. UNITED STATES.
### No. 49090.

United States Court of Claims.
Decided March 6, 1950.

Louis W. Hickey, pro se.

Lester C. Dibble, Mason City, Iowa, with whom was Assistant Attorney General H. G. Morison, for defendant.

Before JONES, Chief Judge, and LITTLETON, HOWELL, MADDEN and WHITAKER, Judges.

LITTLETON, Judge.

The plaintiff, Louis W. Hickey, is a member of a partnership engaged in the construction business under the firm name of Hickey & Company, with offices in the Commerce Building, Dallas, Texas. The petition alleges that about April 20, 1942, the defendant, acting through the War Department, issued a formal invitation for bids, which was accompanied by plans and specifications, for the construction of two warehouses at the U. S. Quartermaster's Depot, Fort Worth, Texas. The partnership of Hickey & Company, by plaintiff, Louis W. Hickey, prepared and submitted a lump-sum bid and a bid bond on April 29, 1942. This bid was accepted by the War Department, and the contract No. W-2161-eng-474, for the construction work specified, was awarded to and duly executed by the firm of Hickey & Company.

The contract was a lump-sum contract, awarded as a result of competitive bids. It was fully performed by Hickey & Company within the time therein specified and the buildings constructed under the terms of the contract were duly accepted by defendant. The petition alleges that the contract in suit was fully performed at a saving to the War Department of $140,000 under the estimate of the Department's Corps of Engineers. The contract contained no express provision providing for renegotiation. The petition does not state the date on which the work called for thereby was completed and accepted.

During 1944 the Secretary of War addressed a letter to the partnership of Hickey & Company, asking that he be supplied with certain information pertaining to said contract W-2161-eng-474, by virtue of the Renegotiation Act, April 28, 1942, Title IV, Sec. 403, 56 Stat. 226, 245, as amended, Title 50 U.S.C.A. War Appendix, § 1191.[1]

The plaintiff Hickey, and the partnership of Hickey & Company, objected to the renegotiation of the contract in question, claiming that it was not subject to renegotiation under the provisions of the applicable statutes and declined to enter into negotiations with the War Department for said renegotiation of the contract price. In April 1946, the Secretary of War advised the plaintiff that he had re-fixed the contract price under the provisions of the Renegotiation Act and demanded of the partnership that it refund to the Government a portion of the original contract price which had been paid. The re-fixed contract price was not accepted by the partnership and the demand of the War Department for the refund of the amount which it had determined to represent excess profits, was refused. In October 1946, the United States and Robert W. Patterson, Secretary of War, instituted a suit in the District Court of the United

---

[1]. The original Renegotiation Act of April 28, 1942, was amended by the Act of October 21, 1942, Title VIII, Sec. 801(a–c), 56 Stat. 982; Act of July 1, 1943, Sec. 1, 57 Stat. 347; Act of July 14, 1943, Sec. 1–4, 57 Stat. 564; Act of February 25, 1944, Title VII, Sec. 701(b), 58 Stat. 78, and the Act of June 30, 1945, Sec. 1, 59 Stat. 294.

States, Northern District of Texas, Dallas Division, against Hickey & Company, a partnership composed of William L. Hickey, Louis W. Hickey and Justin D. O'Brien, and William L. Hickey and Louis W. Hickey and Justin D. O'Brien, individually, for the enforcement of the renegotiation determination theretofore made. After a trial before the court on the merits, at which the plaintiffs were present, in person or by counsel, the court rendered an opinion in favor of the United States and entered judgment in favor of the Government, and against plaintiffs for the sum of $80,000, representing the amount theretofore determined as excessive profits by the Secretary of War upon renegotiation, less such credit as plaintiffs might be entitled to under the law for income taxes. The decision and judgment of the District Court was affirmed on appeal, 5 Cir., 168 F.2d 752, and on November 15, 1948, the Supreme Court denied a petition by the partnership of Hickey & Company for Writ of Certiorari, 335 U.S. 867, 69 S.Ct. 138.

The petition herein seeks to recover damages in the amount of $1,372,850.40, which includes the amount of the judgment of $80,000, and interest of $11,116.80 paid to the Government on said amount between the institution of the suit and payment of the judgment by plaintiffs; the costs to plaintiffs of defending the suit by the United States of $12,500; loss and damage of $345,000, plus interest of $9,000 due to the plaintiffs "having been prevented, by the said action of the Government, from safely engaging in the prosecution of our business activity from 15 September 1942 to 15 September 1948," and "Double damages ($915,233.60) assessed by us as penalty-payment due us from the Government."

The defendant's motion to dismiss is predicated upon the ground that facts alleged in the petition herein do not state a cause of action against the United States within the jurisdiction of this court. We are of the opinion that the defendant's motion is well-taken and must be sustained.

Plaintiffs' suit asks this court to review and reject the unilateral renegotiation determination by the Secretary of War as to the profits derived by the partnership of Hickey & Company, under the contract hereinabove referred to, and to enter judgment, among other amounts, for the amount of $80,000 excess profits so determined by the Secretary of War and included, with interest, in the judgment of the District Court for the Northern District of Texas, Dallas Division, pursuant to an opinion rendered by that court on February 20, 1947. This we cannot do.

■ Since the enactment of Section 701, Title VII, of the Act of February 25, 1944, 58 Stat. 21, 78, amending Section 403, as amended, of the Sixth Supplemental National Defense Appropriation Act, 1942, 56 Stat. 245, the exclusive remedy provided by statute for an aggrieved contractor to obtain a review of a renegotiation determination by a Department has been by the filing of a petition for redetermination with the Tax Court of the United States. Section 403(e) (1), as so amended, 58 Stat. 78, 86, provides in part that "Upon such filing [of a petition for redetermination] such court shall have exclusive jurisdiction, by order, to finally determine the amount, if any, of such excessive profits received or accrued by the contractor * * * and such determination shall not be reviewed or determined by any court or agency * * *." In Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839, the court construed the above provision of the Renegotiation Act and held that Section 403(e) (1), supra, vests in the Tax Court exclusive jurisdiction to decide questions of law and fact, including the issue of whether a contract is or is not subject to the Renegotiation Act. In United States v. Alexander Wool Combing Co., D.C., 66 F.Supp. 389, the United States brought suit to recover excess profits after a renegotiation determination and judgment was entered in favor of the Government. On review of the case, with others, the Supreme Court in Lichter et al., Doing Business as Southern Fireproofing Co. v. United States, 334

U.S. 742, at page 792, 68 S.Ct. 1294, at page 1319 said: "We uphold the decisions below and the contentions of the Government to the effect that the statutory provision thus made for a petition to the Tax Court was not, in any case before us, an optional or alternative procedure. It provided the one and only procedure to secure a redetermination of the excessive profits which had been determined to exist by the orders of the respective Secretaries or of the Board in the cases before us. Failure of the respective petitioners to exhaust that procedure has left them with no right to present here issues such as those as to coverage and the amount of profits which might have been presented there. * * *."

The allegations of the petition herein show that the partnership and the individual members thereof, although denying the right of the Secretary of War under the provisions of existing law to make a renegotiation determination and refusing to refund to the Government the excess so determined by the Secretary, failed to petition the Tax Court of the United States, pursuant to the statute above referred to, for a final determination of the amount, if any, of excess profits which had accrued to the partnership. In these circumstances and in view of the decisions above referred to, this court is without jurisdiction to hear and determine plaintiffs' claim. Moreover, the judgment of the District Court for the Northern District of Texas, affirmed by the Circuit Court of Appeals for the Fifth Circuit, 168 F.2d 752, supra, is *res adjudicta* as to all matters contained in the petition of plaintiffs in this suit. The ground upon which the claim here made is predicated, namely, that the contract was not subject to renegotiation, was put in issue in that case.

The defendant's motion to dismiss is sustained, and the petition is dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and WHITAKER, Judges, concur.