Howell, Judge,
delivered the opinion of the court:
Plaintiff sues to recover the sum of $37,000 representing the value of timber land in Carter County, Tennessee, which *713 the plaintiff claims he owns and which he asserts was taken by the defendant without payment of just compensation. Plaintiff contends that the land was not within the proper bounds of two tracts which the United States undertook to acquire in condemnation proceedings. The facts have been fully set out in our findings of fact and’ will not be restated except for the purposes of this opinion.
In 1936, the United States instituted two suits, Nos. 880 and 885 Law, in the United States District Court for the Eastern District of Tennessee, to acquire by condemnation two tracts of land in Carter County, Tennessee. In case No. 880 the United States undertook to acquire a tract known as the E. M. Miller Tract No. 127, and in case No. 885 the United States undertook to acquire a tract known as the J. J. Sterrett Tract No. 72. The condemnation sought in case No. 880 was prosecuted to a successful conclusion and on December 3,1936, a judgment was entered in case No. 885, providing that upon payment by the United States of the sum of $30,775.75 title to the Sterrett Tract No. 72 would vest in the United States. On March 31, 1937, the United States paid that sum into court in case No. 885, and on April 6, 1937, the Sterrett Tract No. 72 was incorporated into the Cherokee National Forest and since that time has been administered by the Forest Service of the Department of Agriculture.
On June 4, 1937, the plaintiff filed a petition to intervene in case No. 885 Law and in that petition he claimed ownership of the tract of land, the title to which he is claiming in the proceeding now before us. With his petition to intervene, the plaintiff filed a deed from E. M. Miller, a certified copy of which is included in a collective Exhibit No. 1 in the present case. That deed is dated May 15, 1930, but was not acknowledged until May 27, 1937, and was not recorded until June 4,1937, the day the intervening petition was filed in case No. 885.
In his testimony the plaintiff attributed his delay in filing the intervening petition in case No. 885 to ignorance of the fact that the property described in the petition in that case included property claimed by him. However, the evidence discloses that plaintiff had testified as a witness in case No. *714 885 on more than one occasion. On December '13, 1937, an order was entered denying the plaintiff permission to intervene in case No. 885, and the plaintiff took no appeal from that order.
Despite this order, the controversy continued between the United States and the plaintiff over possession and enjoyment of the property. Plaintiff was arrested and convicted for trespass thereon and the plaintiff in turn undertook to prosecute agents of the United States for trespass.
On June 8,1944, the United States filed a suit in the United States District- Court for the Eastern District of Tennessee entitled United States of America v. A. B. Hass, Civil No. 236, to enjoin A. B. Hass, the plaintiff in this suit, from further trespassing on the land which was described in the complaint in that case by reference to and by incorporation of the land description set forth in the petition and judgment filed in case No. 885. A. B. Hass filed an answer to the complaint in Civil No. 236, in which he asserted ownership to the land claimed in this case and denied that that land had been validly acquired by the United States in case No. 885. On July 20, 1944, after a hearing and trial, the United States District Court for the Eastern District of Tennessee filed a memorandum opinion in Civil No. 236 finding that the United States acquired title to the property described in case No. 885. (See Finding 21.)
Thereafter, on August 1,1944, final judgment was entered in Civil No. 236 perpetually enjoining A. B. Hass from trespassing on the tract of land and specifically finding that the United States had legal title to all of said tract. Plaintiff took no appeal from that judgment.
At the time of the institution of the original condemnation proceeding in the United States District Court for the Eastern District of Tennessee the plaintiff possessed no interest of record in the land then sought to be condemned. Had such interest been on the record, plaintiff, would have been personally served with notice of the condemnation proceeding. In accordance with the requirements of the Tennessee law the petition stated the names of all known owners who were personally served with process and indicated that certain owners were not known. With reference to the unknown owners *715 and in further accord with the Tennessee law (Mitchie’s Tenn. Code of 1932 and 1938, §§-3110 and 3112) notice by publication was appropriately given. The judgment awarding condemnation in case No. 885 was entered December 3, 1936, and the amount of the condemnation award representing just compensation to the owners was paid into court by the United States on March 31,1937. The existence of plaintiff’s deed as well as the existence of his claim of ownership were completely unknown until after the entry of judgment awarding condemnation and until after the payment of the amount of just compensation. The deed under which plaintiff claimed ownership was dated May 15, 1930, the date of acknowledgment May 27, 1937, and the recorded date June 4, 1937. It was not shown that the defendant had any notice whatever, either of record or that plaintiff was claiming by reason of open, notorious, exclusive and adverse possession, at the time of the institution of the condemnation proceeding. Under such circumstances it would seem that notice by publication was sufficient insofar as the plaintiff was concerned. Cf. Georgia v. Chattanooga, 264 U. S. 472, 483.
Whatever rights plaintiff had were fully asserted not only when he sought to intervene in the original condemnation proceeding, but later in the action to permanently enjoin him from trespassing on the land. It appears from the record that the United States District Court for the Eastern District of Tennessee reviewed the proceeding in the original condemnation case No. 885 and concluded that the defendant, Hass, had by his petition to intervene in the original condemnation case chosen a proper way to correct any mistake which might have been made by improperly including his land for condemnation and that the action of the district judge denying his petition adjudged the question unfavorably to the said Hass. (Finding 21.)
It appears, therefore, that the judgment of the United States District Court of the Eastern District of Tennessee, which was a court of competent jurisdiction, was final and conclusive of the rights, questions and facts in issue as to Hass, the plaintiff in this proceeding. Thus the Tennessee proceedings constituted an absolute bar to any subsequent *716 proceeding involving the same claim, demand and cause of action. Hickey v. United States, 116 C. Cls. 241, 246; Nunally Investment Co. v. United States, 92 C. Cls. 358; Tait v. Western Maryland Railway Co., 289 U. S. 620; 30 Am. Jur. 908.
Plaintiff’s petition is hereby dismissed and judgment entered in favor of the defendant.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.