## NATIONAL QUARRIES CO. v. DETROIT, T. & I. R. CO.

(Circuit Court of Appeals, Sixth Circuit. January 14, 1926.)

No. 4441.

1. **Courts ☞508(5)—Bills to enjoin railroad's appropriation of land insufficient to justify equitable intervention of federal court.**

Bill to restrain railroad's appropriation of land, as violative of Const. Ohio, art. 1, § 19, and Fourteenth Amendment to federal Constitution, *held* insufficient to warrant equitable intervention by federal court, because such constitutional questions could be determined in state court, and state court having full power to award compensation, no irreparable damage was shown.

2. **Courts ☞508(5)—Not presumed that state court would deny complainant his constitutional rights, federal or state.**

In suit to restrain railroad's appropriation of property, to warrant intervention by federal court, it will not be presumed that state court will deny complainant his constitutional rights.

3. **Courts ☞508(5)— Bill intended to enjoin prosecution of suit in state court contrary to statute.**

Bill to restrain railroad company from appropriating land and proceeding with suit in state probate court *held* objectionable, as aimed to enjoin prosecution of suit in state court, in violation of Judicial Code, § 265 (Comp. St. § 1242).

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Suit by the National Quarries Company against the Detroit, Toledo & Ironton Railroad Company. From a judgment dismissing the bill for lack of equity, plaintiff appeals. Judgment affirmed.

G. W. Ritter, of Toledo, Ohio (H. O. Bentley, and Wheeler & Bentley, all of Lima, Ohio, on the brief), for appellant.

Edgar J. Matz, of Detroit, Mich. (Clifford B. Longley, of Detroit, Mich., and Leete & Light, of Lima, Ohio, on the brief), for appellee.

Before DONAHUE, MACK, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. This bill was dismissed for lack of equity. It averred diversity of citizenship between plaintiff and defendant; that plaintiff owned property adjacent to the lines of defendant, a railroad company; that defendant had filed a petition in the probate court of Allen county, Ohio, to appropriate a part of plaintiff's land adjoining its railroad tracks, asserting the necessity of establishing a railroad yard thereon, and unless restrained from so doing would proceed to appropriate the property to the irreparable injury of plaintiff. The specific prayer was that defendant "be enjoined from appropriating or attempting to appropriate any of the land," etc., and "from taking the property of the plaintiff or entering upon the same without due process of law."

In addition to the allegations indicated the bill presented several questions as to the validity of the appropriation laws of Ohio and the proceedings thereunder in the probate court. These may be grouped into the contentions that the taking of the property would violate article 1, section 19, of the Constitution of the state and also the Fourteenth Amendment of the federal Constitution.

[1, 2] If it be conceded that the elements of federal jurisdiction exist, as likewise the power to grant the relief sought, nevertheless there is a question preliminary to those argued by plaintiff which we think is decisive of the case. It arises on the inquiry as to whether the bill shows facts justifying equitable intervention. We think it does not. Among the reasons for this view is the fact that every question arising under the state Constitution that is made here can be made and determined in the proceeding in the state court, and similarly the federal questions may be presented there, with the right of ultimate determination by the Supreme Court of the United States. Furthermore, it does not appear from the facts alleged that the courts of the state have not full power to award adequate compensation if the property is eventually taken. Hence no irreparable damage is shown in the bill. Nor is any other ground of equitable jurisdiction set forth. This is not a suit to enjoin the execution of a void or unconscionable judgment as Marshall v. Holmes, 141 U. S. 589, 12 S. Ct. 62, 35 L. Ed. 870, and Simon v. Southern Ry. Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492, or against officials to test the validity of a state statute the penalties of which are so oppressive as to amount to spoliation and which would be incurred un-

less the proceedings were enjoined, as Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764. All that defendant has done is file a proceeding to condemn the land and cause a summons to be issued, and, we repeat, every question presented here is available as a defense in that case. In this situation it cannot be supposed that plaintiff will be denied its constitutional rights in the state courts. The case is unlike Water Co. v. Vicksburg, 185 U. S. 65, 22 S. Ct. 585, 46 L. Ed. 808, and Union Railway Co. v. Illinois Cent. R. Co. (6 C. C. A.) 207 F. 745, 125 C. C. A. 283, in the former of which it appeared that the water company had no remedy save in equity and in the latter it was "because of the lack of power in the state circuit court, to provide for any method of crossing except at grade" that the remedy in equity was invoked "on the ground of irreparable injury and inadequacy of remedy at law."

What has been said as to the absence of equity in the bill with respect to enjoining the proceeding because in violation of the Constitution of the state applies with equal force to the claim that the taking would be in violation of the federal Constitution, since it is not to be anticipated that the state courts will render any judgment in violation of the plaintiff's federal rights.

[3] Another valid objection to the bill is that it aims to enjoin the prosecution of a suit in the state court, a proceeding forbidden by statute. Section 265, Judicial Code (Comp. St. § 1242); Dial v. Reynolds, 96 U. S. 340, 24 L. Ed. 644. As stated in Defiance Water Co. v. Defiance, 191 U. S. 184, 24 S. Ct. 63, 48 L. Ed. 140, the courts of the United States cannot be called on to intervene in a proceeding in the state court "on the ground that the state courts might so decide as to render their final action unconstitutional." The presumption is that they will do what the Constitution and laws of the state and the United States require. Shreveport v. Cole, 129 U. S. 36, 9 S. Ct. 210, 32 L. Ed. 589.

Judgment affirmed.