**Ruth Lewis BABER and Harvey Earl Baber, Plaintiffs,**

v.

**TEXAS UTILITIES COMPANY, a corporation, and Texas Power and Light Company, a Corporation, Defendants.**

Civ. No. 5906.

United States District Court,
N. D. Texas, Dallas Division.

March 4, 1955.

Samuel Lee Lewis, Dwight L. McCormack, Dallas, Tex., for plaintiffs.

Worsham, Forsythe & Riley, and Burford, Ryburn, Hincks & Ford, Dallas, Tex., for defendants.

ATWELL, District Judge.

Plaintiffs are residents of Oklahoma, and the defendants are residents of Texas. The plaintiffs are owners of an undivided one-half interest in four hundred twenty acres of land in Collin County, Texas. They say that the defendants are engaged in manufacturing and distributing electric power and light, and that they secured a judgment in the District Court of Collin County, authorizing the extension of their line across the property of the defendants. That plaintiffs then appealed from that judgment, and that such appeal is pending before the Court of Civil Appeals at Dallas, which was argued in November, 1954, but that such court has not as yet rendered its decision.

That the defendants sought and received from the County Judge of Collin County, the right, by condemnation, to build their lines across the plaintiffs' property after the payment of damages as provided for in the statute. That the plaintiffs sought a removal of that case to the Federal Court for the Eastern District of Texas, which court denied any relief.

That the defendants posted bond, as required by law, and proceeded to arrange for the running of their lines across plaintiffs' property. That the defendants, Texas Power & Light Company is merely an agent of the Texas Utilities Company, and that whatever the Texas Power & Light Company does is, in truth, and in fact, the act of the Texas Utilities Company; that neither of said companies have the right of eminent domain. That such condemnation and seizing by the defendants was unconstitutional, illegal, and void. That the exercise of the sovereign power of eminent domain authorized by the Texas statutes is unlimited, unbridled, and unrestrained, and wholly without standard,

criterion, or guide, and that the same is illegal, unconstitutional, and void.

There are other allegations which are quite untenable.

A show cause order was issued and set for March 4th, which is today. Thereafter, the defendants filed a motion to dismiss because the complaint fails to state a claim upon which relief can be granted. That Motion to Dismiss was set also for today.

After an extended argument by both sides, it appears to the court that the Motion to Dismiss must be sustained. In the first place, the case is still pending in the state courts. The national court may not restrain the action of state courts save and except for the purpose of maintaining its own jurisdiction. This provision is statutory. Secondly, the plaintiffs still have their suit pending in the Court of Civil Appeals at Dallas. Third. The statute of Texas, Vernon's Ann.Civ.St.Art. 6541a, relating to the extension of lines to supply light and power, gives express authority for such proceedings as the defendants took in the courts of Texas before they entered upon the construction of their lines across the plaintiffs' properties.

This case, though it presents a diversity of citizenship, presents no cause upon which this court may properly adjudicate.

The student will be interested in a study of such applicable cases as, the Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 130 A.L.R. 1053; National Quarries Co. v. Detroit T. & I. R. Co., 6 Cir., 10 F.2d 139; Kane v. National Surety Corp., D.C., 94 F.Supp. 605; Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226; Princess Lida of Thurn and Taxis, v. Thompson, Trustees, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285;

Cole v. Franklin Life Ins. Company, 5 Cir., 108 F.2d 130, and Pacific Telephone & Telegraph Co. v. Kuykendall, 265 U.S. 196, 44 S.Ct. 553, 68 L.Ed. 975.