Ruth Lewis BABER and husband, Harvey Earl Baber, Appellants,

v.

TEXAS UTILITIES COMPANY and Texas Power & Light Company, Appellees.

No. 15558.

United States Court of Appeals Fifth Circuit.

Jan. 6, 1956.

Rehearing Denied Feb. 3, 1956.

Dwight L. McCormack, S. L. Lewis, Dallas, Tex., for appellants.

Jos. Irion Worsham, Howard Jensen, Frank M. Ryburn, Jr., Worsham, Forsythe & Riley, Burford, Ryburn, Hincks & Ford, Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Appellee, Texas Power & Light Company, whose common voting stock is wholly owned by appellee, Texas Utilities Company, sought in the Texas state courts to condemn a right of way over appellants' land for an electric transmission line. Appellants first refused to allow entry upon their land for the purpose of making a survey to secure an exact description of the proposed right of way, and such entry was enforced by injunction through the state courts. Lewis v. Texas Power & Light Co., Tex.Civ.App., 276 S.W.2d 950. The condemnation proceedings now pending in the state courts are vigorously attacked by bill for injunction in the district court, as violative of due process of law and contrary to the Fourteenth Amendment.[1]

The plain answer is that the state courts are as firmly bound by the Constitution of the United States as is this Court, and appellants' forum for the enforcement of any constitutional rights that may have been violated is in the Texas state courts with the right of ultimate determination by the Supreme Court of the United States. State of Georgia v. City of Chattanooga, 264 U.S. 472, 44 S.Ct. 369, 68 L.Ed. 796; National Quarries Co. v. Detroit T. & I. R. Co., 6 Cir., 10 F.2d 139; see also, 28 U.S.C.A. § 2283; Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002.

The judgment of the district court dismissing appellants' complaint is therefore

Affirmed.

1. According to appellants' brief,
   "This case shows that corporations claiming rights under and by virtue of Art. 1436, Vernon's Ann.Civ.St. determine of their own volition property they wish to condemn. There is no statutory or other provision for the supervision of their plans, schemes or programs at a State level. The owners of property in municipalities enjoy rights and privileges which are not enjoyed by owners of rural property. The location of the transmission line in question, and its existence, was determined solely and alone by the Appellees, without notice, hearing or any information what-so-ever to land owners such as Appellants. Their first knowledge came when the Appellees demanded the right to explore and survey their property. There has been no hearing on such plan, scheme or program; no opportunity to know thereof; no opportunity to present evidence, question witnesses or to appeal to a Court in reference to such plan, scheme or program. The entire plan, scheme and program has been treated as a private matter and business enterprise of the Appellees. Yet, this private business plan, once made in the depths and confines of their private organization, emerged clothed with the sovereign powers of eminent domain capable of expropriating the private property of Appellants."