CARVER PROGRESSIVE CLUB, a Michigan Non-Profit Corporation, individually and for its members as a Class, and all others similarly situated, Plaintiff,

v.

Louis C. MIRIANI, Mayor of the City of Detroit, et al., Defendants.

Civ. A. No. 20061.

United States District Court
E. D. Michigan, S. D.

June 2, 1960.

———◆———

Milton R. Henry and Emmett J. Traylor, Pontiac, Mich., for plaintiff.

Nathan H. Goldstick, Robt. D. McClear and Edward M. Welch, Corporation Counsel, Detroit, Mich., for defendant.

THORNTON, District Judge.

The matter before the Court is a motion to dismiss the complaint herein. The complaint purports to be filed by plaintiff as a class action and is filed on behalf of plaintiff and of the class by two attorneys. We will hereafter refer to the plaintiff as "plaintiffs". The relief sought is "immediate and permanent injunctive relief against each of the above named persons." Said persons number approximately 30 and include the Mayor of the City of Detroit, the members of the Detroit Common Council, the members of the Detroit Planning Commission, the administrative officials of said Commission, members of the Detroit Housing Commission, and the Committee Clerk for the Common Council for the City of Detroit. The document consists of 33 numbered paragraphs including subsections within a number of them. It consists of 11 pages of single-spaced typing. All but the introductory and closing paragraphs are presumably the reasons advanced by plaintiffs why the equitable relief of injunctive process should issue out of this court. This pleading does fantastic violence to Rule 8, F.R.Civ.P. 28 U.S.C.A. In the interest of expediency, however, the Court will consider the merits of the motion as addressed to the complaint, the Court having had the benefit of oral argument in open court by counsel representing plaintiffs and the moving parties, respectively.

As best as we can glean the crux of the complaint, we conclude that defendants are attempting to embark upon a development or improvement project which would affect a certain area in this city (Detroit) described as the Eight Mile-Wyoming Neighborhood. Our estimate of the area, after consulting the official Detroit city map, is that it is approximately a half mile by a mile, of rectangular shape, or 3 long city blocks by 16 short ones. The named defendants are allegedly attempting to deprive plaintiffs of their property in violation of their constitutional rights by proceeding to take the necessary

steps to effectuate the Urban Renewal Plan, Mich–19, also referred to as the Eight Mile-Wyoming Neighborhood Development Plan. The property owners (or lessees) on whose behalf plaintiffs speak are professional, commercial and residential persons. It appears that plaintiffs claim that the steps taken thus far toward the ultimate realization of the Plan have been fraught with fraud, sham and deception. These are serious charges and, if true, warrant full disclosure. We do not here express any opinion whatsoever regarding the merit of these allegations. Plaintiffs say that the guise under which the plan is being propelled forward is by the false picturing of a "blighted" or "slum" area in need of rehabilitation. Plaintiffs contend that such a picture is contrary to the facts. Again, we express no opinion on any factual matter here presented by this complaint or by this motion to dismiss. We have no desire but to see all persons accorded their constitutional rights and, as a duly constituted federal court, it is our duty to be the judicial instrument of enforcement of such rights to the extent such duty belongs within the designated sphere of our judicial function. The concept to which we refer is, of course, that of jurisdiction.

■■ Any action on our part toward a determination of the merits of this controversy would be of no value whatsoever if this Court be without jurisdiction. It appears to us that the Court is, in fact, without jurisdiction in this matter and that, therefore, the motion to dismiss is well grounded. See the following cases which, taken together, state in the aggregate a totality of the reasoning which has persuaded this Court in reaching the conclusion here. National Quarries Co. v. Detroit, T. & I. R. Co., 6 Cir., 10 F.2d 139, is clearly authority for the proposition that all the issues here present are available to these plaintiffs in the state court proceeding which must necessarily be followed before any of the instant property can be taken. That case also stands for the proposition that state courts will guarantee federal constitutional rights as assiduously as will federal courts. We might state here, parenthetically, that this suit is prematurely brought as the property cannot be taken other than through the condemnation procedures of the state of Michigan which provide for the presenting of all defenses. Baber v. Texas Utilities Company, 5 Cir., 228 F.2d 665, also contains the answer to plaintiffs' contention that the projected condemnation proceedings will be violative of the constitutional rights of plaintiffs. It is there clearly stated that plaintiffs are not without their remedies. The case of Burt v. City of New York, 2 Cir., 156 F.2d 791 cited to the Court by plaintiffs is obviously inapplicable to the situation here in that a very different set of facts is there presented.

An order in conformance with this opinion may be presented.