**William D. TRAVIS, Plaintiff-Appellant,**

v.

**PENNYRILE RURAL ELECTRIC CO-OPERATIVE and Tennessee Valley Authority, Defendants-Appellees.**

**No. 17950.**

United States Court of Appeals
Sixth Circuit.

Aug. 16, 1968.

---

J. Granville Clark, Russellville, Ky., for appellant.

John O. Hardin, Hopkinsville, Ky., for appellee, Pennyrile Rural Electric Cooperative, Lewis E. Wallace, Knoxville, Tenn., for Tennessee Valley Authority, Robert H. Marquis, Gen. Counsel, Thomas A. Pedersen, Asst. Gen. Counsel, Lewis E. Wallace, Tennessee Valley Authority, Knoxville, Tenn., on brief.

Before O'SULLIVAN and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

The plaintiff, William D. Travis, brought this action against Pennyrile Rural Electric Co-operative and Tennessee Valley Authority in the United States District Court for the Western District of Kentucky, at Paducah. The parties will be referred to herein as plaintiff, Pennyrile and TVA, respectively.

The facts as alleged in the complaint and as stated in the affidavits and depositions before the district judge on motion for summary judgment are as follows: The plaintiff, a resident of Jackson, Tennessee, is the owner of a tract of land in Lyon County, Kentucky, upon which a residence is constructed. Pennyrile is a rural electric co-operative en-

gaged in providing and distributing electricity to its members in the area in which plaintiff's land is located. It is a membership corporation created under the rural electrification act of Kentucky (KRS sections 279.010–279.220) and its rates and charges are subject to the general supervision of the Public Service Commission of Kentucky (KRS section 279.210(1)). TVA is a governmental agency of the United States engaged in the development of electric power, part of which it supplies to Pennyrile under contract.

Among other things, TVA is engaged in the development of the "Land Between the Lakes Project," hereinafter referred to as the LBL Project. This involves approximately 170,000 acres in western Kentucky and northwestern Tennessee, between Kentucky Reservoir on the Tennessee River and Barkley Reservoir on the Cumberland River. The development of this project is for recreational purposes. The plaintiff's land is within the area of the LBL Project.

The project was first announced by the President on June 14, 1963, and on December 31, 1963, the Public Works Appropriation Act of 1964 (77 Stat. 854 (1963)) was enacted which provided $4,000,000 for TVA to begin the development of the project. In early 1964, TVA sent a form letter to the owners of the property within the area of the project advising them of the proposed acquisition of their land and the procedures which TVA would follow in acquiring it, including condemnation, if necessary. At the time this action was begun, July 3, 1965, TVA had taken no action to acquire plaintiff's land either by purchase or condemnation.

On June 10, 1965, the plaintiff wrote a letter to Pennyrile, as follows:

"Meter Department, Pennyrile Rural Electric Cooperative, Hopkinsville, Kentucky. Gentlemen: I would like to know what it would cost for you to run from your main line a light line to my house which is located on the Branding Chapel Road, Route 2, Eddyville, Kentucky, (between the lakes area). I would greatly appreciate your prompt reply."

Pennyrile responded to this letter on June 16, 1965, calling attention to the fact that TVA was acquiring the land for recreational purposes, that by reason thereof the installation would be temporary and that the cost of providing service to the building would be $219.23. The plaintiff, thereafter, made no further contact with Pennyrile with reference to electrical installation for his property.

The plaintiff charges in his complaint that Pennyrile has refused to furnish him electrical service, that Pennyrile and TVA recognize that TVA does not have authority to condemn plaintiff's land for recreational purposes and that they have entered into a conspiracy to depress the value of his land and force him to sell to TVA. He seeks damages of $150 against each of the defendants for loss of use of his property and $25,000 punitive damages. He further seeks an order requiring Pennyrile to furnish him electrical service and an injunction against TVA from threatening condemnation of his property.

The district judge upon consideration of the pleadings, briefs, affidavits, depositions and arguments of counsel sustained motions of the defendants for summary judgment for the reason that there was no genuine issue as to any material fact. Judgment was entered for the defendants as a matter of law and this appeal followed. The district judge, although not required to do so under Rule 56 F.R.Civ.P., made findings of fact and conclusions of law.

■ The judge found as a fact that there was no credible evidence to support plaintiff's charge of conspiracy between Pennyrile and TVA. We agree. Without this charge the defendants would be improperly joined. On this appeal each defendant has filed a separate brief and presented a different question as though there were two separate and independent actions.

■ We will first take up plaintiff's appeal in his action against TVA. The question on this appeal, as we view it, is: Can the plaintiff, in this case, as a property owner enjoin threatened alleged illegal condemnation of his property for the purpose of challenging the authority of the government to condemn the property? We were informed in oral argument that a condemnation proceeding had been begun against the property of the plaintiff during the pendency of this action. Certified copies of the complaint in that action, of which we take judicial notice confirm this information. United States ex rel. TVA v. Two Tracts of Land Containing Approximately 0.7 Acre, and 9.3 Acres, in Lyon County, Kentucky, W. D. Travis, Edna J. Travis, His wife, No. 1772 (W.D.Ky.).

■ The district judge concluded as a matter of law that the plaintiff's action is premature, since he may raise the issue of TVA's authority to condemn property for recreational purposes as a legal defense in a condemnation action in the event such an action is begun to acquire the property. The plaintiff therefore has an adequate remedy at law and is not entitled to the extraordinary remedy of injunction. We agree with this conclusion of law.

■ Equity jurisdiction is founded on the proposition that the complaining party does not have an adequate and complete remedy at law. An injunction against threatened legal action will not issue if the party will have an adequate opportunity to fully present his defenses and objections in the legal action he seeks to enjoin. State of Georgia v. City of Chattanooga, 264 U.S. 472, 44 S.Ct. 369, 68 L.Ed. 796; Porta Rico Tel. Co. v. Puerto Rico Communications Authority, 189 F.2d 39 (C.A. 1), cert. den. 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628; Suncrest Lumber Co. v. North Carolina Park Commission, 30 F.2d 121 (W.D.N.C.); Colorado Central Power Co. v. City of Englewood, 89 F.2d 233 (C.A. 10). This Court has affirmed a District Court's ruling that an action seeking to enjoin proposed condemnation proceedings as premature because the complaining party, under the state law, could present all its objections in the actual condemnation proceeding. Carver Progressive Club v. Miriani, 192 F.Supp. 825 (E.D.Mich.), aff'd 288 F.2d 889 (C.A. 6), cert. den. 368 U.S. 818, 82 S.Ct. 32, 7 L.Ed.2d 24. Condemnation proceedings filed by federal agencies in the federal courts have been attacked by persons whose land is affected on the ground that such action is beyond the authority of the agency involved. See, e. g. United States ex rel. TVA v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843. The plaintiff can now present his claim that a seizure of his lands is illegal in the condemnation suit brought by TVA. Having this full, complete and adequate remedy available to him in the condemnation proceedings, plaintiff's present action to enjoin TVA from instituting and prosecuting such action must be dismissed.

The district judge also held that there was no taking of plaintiff's property because the mere commencement of the LBL Project and the notification of the proposed acquisition of their property, by condemnation if necessary, does not constitute a taking. We find it unnecessary to discuss this conclusion.

Two questions arise on the appeal against Pennyrile: One, Can the plaintiff sustain his action against Pennyrile when he has not applied for membership in the cooperative, has done no more than inquire about the cost of service and has not made an application to Pennyrile for the installation of the power lines about which he inquired? Two, Is plaintiff entitled to an injunction requiring Pennyrile to furnish electric service without a temporary service charge?

We conclude in answer to the first question that the plaintiff is not in a position to maintain his action against Pennyrile. The district judge found as a fact that the plaintiff in June 1965 applied to Pennyrile for electric service to a residence on his property. This finding is clearly erroneous. According to

the deposition of Howard Wiggins, manager of Pennyrile, the plaintiff never took any further action with reference to obtaining electric service for his residence after he received the answer to his letter of inquiry. He did not seek membership in the cooperative and did not make an application for the installation of service. He was therefore never refused service and he does not know what might have been accomplished by negotiation had he made a formal application.

In answer to the second question, the district judge ruled as follows:

"Plaintiff is not entitled to an injunction requiring Pennyrile to furnish electric service without a temporary service charge because he has an adequate legal remedy for damages, if such charge is unlawful (KRS Sections 278.160, 278.170). Parker v. Winnipiseogee Lake Cotton and Woolen Co. [2 Black 545], 67 U.S. 545 [17 L.Ed. 333] (1862); United Fuel Gas Co. v. Railroad Comm'n of Kentucky, 278 U.S. 300 [49 S.Ct. 150, 73 L.Ed. 390] (1929); Ogden River Water Users' Ass'n v. Weber Basin Water Conservancy, 238 F.2d 936 (10th Cir. 1956)."

We agree.

In *Ogden River Water's Users' Ass'n*, supra, the court said:

"But regardless of whether appellant's present complaint be interpreted to sound in contract or tort it does not state a claim for any injunctive relief. Appellant alleges neither irreparable damages nor the threat of irreparable damages or facts from which it may be concluded irreparable damages may ensue."

\* \* \* \* \* \*

"Any prospective damages to appellant appear to be adequately compensable in damages and in such case an injunction will not lie \* \* \*."

There are no factual allegations in the complaint that the plaintiff will suffer irreparable damage by paying the installation charge and then suing to recover it back if it is illegally collected. Neither are there any facts stated in the affidavits or depositions before the Court from which it could be inferred that the plaintiff would suffer irreparable damages.

Having arrived at the conclusion that the plaintiff is not entitled to an injunction to require Pennyrile to install electrical service on plaintiff's land, we do not find it necessary to pass on the question raised in the briefs, but not considered by the trial judge, whether the Public Service Commission has exclusive jurisdiction so that the plaintiff must first bring his complaint concerning rates and services before the Commission.

Judgment affirmed.