**Fred and Dorothy JOINER et al.,**
**Plaintiffs,**

v.

**The CITY OF DALLAS et al., Defendants.**

**Civ. A. No. 3–4322–A.**

United States District Court,
N. D. Texas,
Dallas Division.

Jan. 11, 1971.

Jay M. Vogelson, Steinberg, Generes & Luerssen, Dallas, Tex., for plaintiffs.

Joseph G. Werner, Asst. City Atty. for City of Dallas, Dallas, Tex., for City of Dallas, City Council of City of Dallas and all other listed City officials.

William G. Webb, Turner, Hitchens, McInerney, Webb, & Hartnett, Dallas, Tex., for State Fair of Texas and Robert B. Cullum as Pres.

## ORDER OF DISMISSAL

ESTES, Chief Judge.

On the 11th day of January, 1971, upon due notice, a pretrial hearing was held in the above-captioned action for the consideration of questions concerning jurisdiction, venue, the propriety of a class action as alleged, and pending motions. The notice set forth the decision of Chief Judge John R. Brown of the Fifth Judicial Circuit that this cause of action as stated in the Complaint did not require hearing by a three-judge court. This Court, however, must now consider to what relief, if any, Plaintiffs are entitled in a single-judge federal district court.

944

Pending before this Court are Motions to Dismiss for lack of jurisdiction by all of the Defendants. It is the opinion of this Court that this action should be, and it is hereby, dismissed for lack of jurisdiction; and it appearing that Plaintiffs' Motion for Confirmation of Class Action should be, it is hereby, denied.

■ Plaintiffs allege that jurisdiction exists under federal question jurisdiction and allege that the amount in controversy exceeds $10,000. However, they plead that each landowner was offered $1.00 per square foot for the land taken or to be taken for the project. The Plaintiffs allege that the determination of the condemning authority that the land was to be valued at $1.00 was arbitrary and discriminatory, but Plaintiffs fail to allege what value would represent a fair market value for the property at any material time before or after acquisition of the property by the condemning authority. Average total investment by the property owners allegedly equals about $10,500. Plaintiffs further allege that some of the Plaintiffs have collected their condemnation awards for the total value placed upon their property. Upon these allegations, Plaintiffs have not shown that each of the Plaintiffs has the requisite amount in controversy to confer federal question jurisdiction (28 U.S. C. § 1331) upon this Court. It is noted that this action does not involve federally assisted programs, nor does it involve unequal treatment among Negroes and whites in the relocation of inhabitants of the condemned neighborhood to other areas of the city.

■ Jurisdiction is also alleged under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Plaintiffs seek to enjoin state condemnation proceedings in order to protect their property rights. Such property rights are not protected by 28 U.S. C. § 1343. In commenting on jurisdiction under § 1343, in Bussie v. Long, 383 F.2d 766 (1967), the Fifth Circuit stated that "property rights, capable of pecuniary valuation, were left to federal question jurisdiction under 28 U.S.C.A. § 1331." In Hall v. Garson, 430 F.2d 430 (1970), the Fifth Circuit reiterated the doubt that property rights are protected under § 1343, citing Supreme Court authority for the proposition that property rights were not protected.

■ The doctrine of comity stands as even a greater roadblock to the relief sought by Plaintiffs in this action. The questions presented by their Complaint involve the interpretation and application of the state law of eminent domain, as can be seen from Plaintiffs' allegations of negligence in the City's conducting condemnation proceedings over a great period of time and in the allegations of possible abandonment by the City of the project at a stage too late to forestall heavy losses to Plaintiffs, and the rescission of deeds and other instruments by which title was acquired by Defendants. Abstention is required. See Cavanaugh et al. v. Looney, 248 U.S. 453, 39 S.Ct. 142, 63 L.Ed. 354 (1919); Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959); and Article I § 17 of the Texas Constitution. The Cavanaugh case set forth the proposition that if by any chance the state courts did deny a federal right pursued in state courts, the appropriate and adequate remedy by review in the Supreme Court of the United States was obvious.

■ Plaintiffs allege that presently state court proceedings are in progress, and they seek to have these proceedings stayed and permanently enjoined. An injunction against pending state court proceedings would be barred by the federal anti-injunction statute 28 U.S.C. § 2283. Plaintiffs would contend that 42 U.S.C. § 1983 is an express exception to § 2283; however, this exception has developed in the context of overbreadth and free expression, circumstances not present in this action. See LeFlore et al. v. Robinson et al. (5 Cir., Nov. 12, 1970), 434 F.2d 933, p. 939, note 6, vacated on rehearing 446 F.2d 715. In ruling that a comity theory could not be engrafted

upon the explicit exceptions set forth in § 2283, the United States Supreme Court, in Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U. S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970), emphasized anew that "a federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right * * *." at 294, 90 S.Ct. at 1747. That Court also stated that "proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court." at 287, 90 S.Ct. at 1743. Plaintiffs in this cause have access to state tribunals, and appeals from the decisions of those courts can be pursued as in any other civil cause of action. Tex.Rev.Civ.Stat. Ann. art. 3268(3). The relief the Plaintiffs request is contrary to the edict of 28 U.S.C. § 2283.

For the reasons·stated above, this action should be and hereby is dismissed.