Fred and Dorothy **JOINER** et al.,
Plaintiffs-Appellants,

v.

**CITY OF DALLAS, TEXAS** et al.,
Defendants-Appellees.

No. 71–1166.

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1971.

Rehearing and Rehearing En Banc
Denied Nov. 18, 1971.

Jay M. Vogelson, Charles J. Morris, Edward S. Koppman, John E. Kennedy, Sam Eck, Dallas, Tex., for plaintiffs-appellants.

Joseph G. Werner, Asst. City Atty., for City of Dallas, N. Alex Bickley, City Atty., William G. Webb, Dallas, Tex., for defendants-appellees.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

Plaintiffs-appellants allege that the Texas eminent domain statutes, Vernon's Ann.Civ.St., Articles 3264–3271 and 6081e, are unconstitutional. They seek declaratory relief, damages and an injunction against condemnation of their property. For the reasons set forth in the District Court's order of dismissal, the judgment of that court is affirmed. Joiner et al. v. City of Dallas, Texas, 329 F.Supp. 943 (N.D.Tex.1971).

Affirmed.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

Gerald L. **WAINWRIGHT**,
Plaintiff-Appellant,

v.

Raymond K. **PROCUNIER**, Director of Corrections, State of California,
Defendant-Appellee.

No. 25533.

United States Court of Appeals,
Ninth Circuit.

Sept. 20, 1971.

Paul K. Robertson, (argued), of Robertson & Hand, Palo Alto, Cal., for plaintiff-appellant.

James B. Cuneo, Deputy Atty. Gen. (argued), Evelle J. Younger, Cal. Atty. Gen., Edward P. O'Brien, Deputy Atty. Gen., San Francisco, Cal., for defendant-appellee.

Before JERTBERG, MERRILL and BROWNING, Circuit Judges.

ORDER

The panel to which the above case was assigned unanimously determined that the petition for rehearing of appellee should be denied, and appellee's suggestion for a rehearing en banc should be rejected, and on September 2, 1971, pursuant to subsection 4, General Order No. 15 of this court, the active judges were notified of the action of the panel in respect to said appellee's petition for rehearing.

More than seven days have elapsed since the other members of the Court in active service were advised of the action of the panel, and no member of the panel nor judge in regular active service of the Court having requested that the Court be polled on rehearing en banc [Rule 35, Federal Rules of Appellate Procedure].

Now, therefore, appellee's petition for rehearing is denied, and his suggestion for rehearing en banc is rejected.