Samuel L. LEWIS et al., Plaintiffs-Appellants,

v.

TEXAS POWER & LIGHT COMPANY et al., Defendants-Appellees, F. W. Holder et al., Intervenors-Appellants.

No. 71-1546.

United States Court of Appeals,
Fifth Circuit.

July 10, 1972.

Rehearing and Rehearing En Banc Denied Aug. 28, 1972.

Stephen F. Hefner, Nance, Caston, Hefner & Green, Sherman, Tex., Samuel L. Lewis, Dallas, Tex., for plaintiffs-intervenors-appellants.

Frank M. Ryburn, Jr., Burford, Ryburn & Ford, of counsel. Jos. Irion Worsham, Worsham, Forsythe & Sampels, Dallas, Tex., for appellees, Texas Utilities Co. and Dallas Power & Light Co.

Jack C. Wessler, J. A. Gooch, Fort Worth, Tex., for appellee Texas Electric Service Co.; Cantey, Hanger, Gooch, Cravens & Munn, Fort Worth, Tex., of counsel.

Lester D. Sitter, Amarillo, Tex., Robert C. Rice, Rice & Rice, Dallas Tex., for appellee Southwestern Electric Service Co.

Bennett L. Smith, Frederick G. Von Huben, Fort Worth, Tex., Abe Mays, Jr., Marshall, Tex., J. H. Hand, Dallas, Tex., B. M. Britain, Amarillo, Tex., Roy E. Pitts, Wm. T. Satterwhite, Dallas, Tex., W. Douglas Weisbruch, Richard B. Williams, Dallas, Tex., for appellee, Lone Star Gas Co.

Richard L. Arnold, Richard S. Arnold, Texarkana, Ark., for appellee Southwestern Electric Power Co.

Wm. R. Brown, Houston, Tex.. for appellees Houston Lighting & Power Co.

and United Gas Pipe Line Co.; Baker & Botts, Houston, Tex., of counsel.

B. D. Orgain, Howell Cobb, Beaumont, Tex., for appellee, Gulf States Utilities Co.

Toby A. Priolo, Hopson, Sitter & Priolo, Amarillo, Tex., for appellee, Pioneer Natural Gas Co.

Robert Roberts III, Shreveport, La., for appellee, Arkansas Louisiana Gas Co.; Blanchard, Walker, O'Quin & Roberts, Shreveport, La., of counsel.

Robert H. Alvis, R. M. Wagstaff, Abilene, Tex., for appellee, West Texas Utilities Co.; Wagstaff, Alvis, Alvis & Leonard, Abilene, Tex., of counsel.

H. K. Howard, Robert L. Ramey, Corpus Christi, Tex., Foy, Cobb, Campbell & Gall, Grover B. Cobb, Fulbright, Crooker, Freeman, Bates & Jaworski, Fred M. Lange, Houston, Tex., for appellee, Central Power and Light Co.

Before RIVES, COLEMAN and DYER, Circuit Judges.

RIVES, Circuit Judge:

Appellee, Texas Power & Light Company, sought in the Texas state courts to condemn a right of way over appellants' land.[1] The Collin County Court appointed commissioners who awarded plaintiffs $4,800.00 for the easement. Plaintiffs both appealed to the county court, where the case is still pending, and filed the present action in the federal district court on their own behalf and for all persons similarly situated. Named as defendants were not only the Texas Power & Light Company and its parent and associated companies but also twelve other Texas electric utility corporations. Plaintiffs' complaint attacked the Texas eminent domain laws, Articles 1435 and 1436, Vernon's Annotated Statutes of Texas, along with the procedure provided in Articles 3264 to 3271 of said Statutes, as violative of various sections of the Constitution of the United States, such as the due process and equal pro-

---

1. Not the same tract in previous similar litigation. See Baber v. Texas Utilities Co., N.D.Tex.1955, 128 F.Supp. 753, aff'd, 5 Cir. 1956, 228 F.2d 665.

tection clauses of the Fourteenth Amendment and the part of Article 1, Section 10 providing that no state shall pass any law impairing the obligation of contracts. After full hearings, the district court entered an order and a supplemental order of dismissal for lack of jurisdiction. This appeal is from those orders.

■■ Of course, district court jurisdiction is a necessary pre-requisite to the convening of a three judge court. Further, no three judge court is required because the plaintiffs named no state officer against whom they sought an injunction: 28 U.S.C. § 2281.

■ Passing by the questions of whether this is properly a class action; whether jurisdiction fails because the amount in controversy is less than $10,000.00; whether a stay of the state court proceedings is prohibited by the federal anti-injunction statute, 28 U.S.C. § 2283; whether the decision in *Baber*, cited *supra* n. 1, constitutes a defense of collateral estoppel or res judicata as to plaintiffs' present constitutional attack;[2] and indeed whether any substantial federal question is presented; we think that what was said in *Baber*, *supra*, applies with equal force to the present litigation:

"The plain answer is that the state courts are as firmly bound by the Constitution of the United States as is this Court, and appellants' forum for the enforcement of any constitutional rights that may have been violated is in the Texas state courts with the right of ultimate determination by the Supreme Court of the United States. State of Georgia v. City of Chatanooga, 264 U.S. 472, 44 S.Ct. 369, 68 L. Ed. 796; National Quarries Co. v. Detroit T. & I.R. Co., 6 Cir., 10 F.2d 139; see also, 28 U.S.C.A. § 2283; Alabama Public Service Commission v.

Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002."

228 F.2d 666.[3]

We note also the closing paragraph of plaintiffs-appellants' original brief filed in this case: "Particular attention is drawn to the case No. 71–1166, Joiner, et al. vs. City of Dallas, now pending in this Court. The questions bear great similarity." That case has been much more succinctly disposed of by another panel:

"Before *Coleman, Simpson* and *Roney*, Circuit Judges.

"PER CURIAM:

"Plaintiffs-appellants allege that the Texas eminent domain statutes, Vernon's Ann.Civ.St., Articles 3264–3271 and 6081e, are unconstitutional. They seek declaratory relief, damages and an injunction against condemnation of their property. For the reasons set forth in the District Court's order of dismissal, the judgment of that court is affirmed. Joiner et al. v. City of Dallas, Texas, 329 F.Supp. 943 (N.D.Tex.1971).

"Affirmed."

Joiner et al. v. City of Dallas, 5 Cir. 1971, 447 F.2d 1403.

The judgment of dismissal for lack of jurisdiction is

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR RE-HEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

2. Which are remarkably similar to those noted in *Baber*, 228 F.2d at p. 666 n. 1.

3. *Baber* was quoted and followed by the Seventh Circuit in Green Street Association v. Daley, 1967, 373 F.2d 1, 6, 7, cert. denied, 387 U.S. 932, 87 S.Ct. 2054, 18 L.Ed.2d 995.