Fred and Dorothy JOINER et al.,
Plaintiffs-Appellants,

v.

CITY OF DALLAS, TEXAS, et al.,
Defendants-Appellees.

No. 71–1166.

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1974.

Rehearing Denied Feb. 22, 1974.

Jay M. Vogelson, Charles Morris, Edward S. Koppman, John E. Kennedy,

Sam Eck, Dallas Legal Services Project, Dallas, Tex., for plaintiffs-appellants.

Joseph G. Werner, Asst. City Atty., N. Alex Bickley, City Atty., William G. Webb, Dallas, Tex., for defendants-appellees.

Frank M. Ryburn, Jr., J. Dan Bohannan, Burford, Ryburn & Ford, Dallas, Tex., amicus curiae.

ON REMAND FROM THE UNITED
STATES SUPREME COURT

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

We consider this case on remand from the United States Supreme Court to determine whether the remaining issues can now be effectively decided in this Court, or whether the parties should return to the District Court for further litigation. Upon the helpful additional briefing and oral argument after remand and after a full consideration of the issues involved, we reverse in part the decision of the District Court, vacate in part, and remand the case for further proceedings consistent with the action of the Supreme Court and this opinion.

The case involves city eminent domain proceedings condemning land owned by the petitioners adjacent to Fair Park in Dallas, Texas. Joiner filed suit alleging constitutional deprivations and seeking injunctive relief from the federal District Court against pending state court proceedings. Special Commissioners had been appointed, hearings had been held, and awards, to which the petitioners objected, had been filed with the Dallas County Court at the time the suit was filed.

The District Court dismissed Joiner's claim for lack of jurisdiction.

Jurisdiction is . . . alleged under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Plaintiffs seek to enjoin state condemnation proceedings in order to protect their property rights. Such property rights are not protected by 28 U.S.C. § 1343. . . . An injunction against pending state court

proceedings would be barred by the federal anti-injunction statute 28 U. S.C. § 2283. Plaintiffs would contend that 42 U.S.C. § 1983 is an express exception to § 2283; however, this exception has developed in the context of overbreadth and free expression, circumstances not present in this action. Joiner v. City of Dallas, 329 F.Supp. 943, 944 (N.D.Tex.1971).

This Court affirmed in a per curiam based on the District Court opinion, 447 F.2d 1403, thus upholding two of the grounds for the District Court's decision: (1) that real property rights were not protected by 42 U.S.C.A. § 1983 and (2) that § 1983 was not an express exception to the anti-injunction statute, 28 U.S.C.A. § 2283.

After granting the petition for certiorari, the Supreme Court, without opinion, vacated our decision and remanded the case to this Court for consideration in light of Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L. Ed.2d 424 (1972); and Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Joiner v. City of Dallas, 412 U.S. 902, 93 S.Ct. 2286, 36 L.Ed.2d 967 (1973). An examination of these cases, decided after our prior decision in this case, reveals why *Joiner* was remanded to us for further consideration.

First, the issue in Mitchum v. Foster was whether, in light of the anti-injunction statute, 28 U.S.C.A. § 2283, the District Court had jurisdiction to enjoin state court proceedings to close a bookstore selling obscene literature as a "public nuisance" under Florida law. The Court held that 42 U.S.C.A. § 1983 was an express exception to the anti-injunction statute thus giving the District Court jurisdiction. Our holding in *Joiner* is in direct conflict with this now controlling decision.

Second, Lynch v. Household Finance Corp. held that § 1983 protects property rights as well as personal liberties. The issue in *Lynch* was whether, in light of

the anti-injunction statute, the District Court had jurisdiction to enjoin a summary pre-judicial garnishment proceeding permitted under Connecticut law, but challenged under the due process clause as it applies to the states through the Fourteenth Amendment. The Court held that 42 U.S.C.A. § 1983 and 28 U. S.C.A. § 1343 provided an exception to the anti-injunction statute to protect property rights as well as personal liberties. Again the *Joiner* decision was in direct conflict with this holding.

■ Third, the issue in Younger v. Harris was whether the District Court should enjoin a state prosecution of the defendant for violation of California obscenity laws which were alleged to be unconstitutional. The Court, in reversing the District Court's injunctive order, held that the principles of equity, comity, and federalism precluded federal courts from enjoining or staying pending state court proceedings except under special circumstances. Those circumstances required the plaintiff to demonstrate that he would suffer irreparable injury if the injunction is not issued and that he has no adequate remedy at law. Reconsidering the case in the light of these cases, as mandated by the Supreme Court, we must reverse the District Court and hold that it had jurisdiction to hear this case on the authority of *Mitchum* and *Lynch*. Having jurisdiction, the Court must consider the merits of the claim for injunction under the principles set forth in *Younger*.

■ Although the District Court asserted other grounds for its decision, we find them so inextricably interwoven with the above concepts that they should now be fully reconsidered by the trial court. The record in this case consists only of a bare complaint and Motions to Dismiss made without supporting affidavits or other evidence. We vacate so much of the District Court's order as has not been reversed for development of a full record and reconsideration of the issues in the light of such recent decisions of the Supreme Court and this Court as may relate thereto.

We have fully considered the arguments of the appellees and the amicus briefs that we should sustain the District Court's dismissal under the principles of *Younger v. Harris.* This requires balancing the *Joiner* claim with the firmly established principles of equity, comity, and federalism reiterated in *Mitchum.* It requires a weighing of the *Joiner* claim that state remedies are inadequate to protect them against irreparable injury in the light of *Younger.* This we cannot do on the record before us. It is fittingly an exercise for the trial court in the first instance. On remand the trial court is free to follow such course as it may determine to be correct, it not being our intention to view one way or the other issues previously determined but which must now be redetermined. The appellants shall recover their costs of this appeal. Reversed in part, vacated in part, and remanded.