## GALVESTON WHARF COMPANY ET AL. *v.* CITY OF GALVESTON ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF TEXAS.

No. 19. Argued December 7, 1922.—Decided January 2, 1923.

1. The power of eminent domain cannot be contracted away; and a contract of that kind is not within the protection of the Contract Clause of the Federal Constitution. P. 476.
2. A bill relying on the contrary hypothesis does not state a substantial federal question within the jurisdiction of the District Court. P. 476.

Affirmed.

APPEAL from a decree of the District Court dismissing a bill for want of jurisdiction.

*Mr. J. W. Terry* for appellants.

*Mr. Frank S. Anderson,* with whom *Mr. James W. Wayman* was on the brief, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an appeal from a decree of the District Court dismissing a bill in equity for want of jurisdiction, on the ground that the bill states no federal question. The ground appears by the decree and also by the certificate of the Judge. Act of March 3, 1911, c. 231, (the Judicial Code), § 238, 36 Stat. 1087, 1157; amended by Act of January 28, 1915, c. 22, 38 Stat. 803, 804.

The bill alleges a contract embodied by consent in a decree of April 1, 1869, that compromised a suit brought by the city against the present plaintiff, the Galveston Wharf Company, the appellant, concerning flats in Galveston Bay. It is enough to state the general features of the arrangement. The title of the Wharf Company to certain lands was established, but it was provided that the City should become owner of one-third of the Wharf Company's stock, which was to be increased to that end, and of an undivided one-third of the Wharf Company's property, in trust for the present and future inhabitants of Galveston—all to be inalienable except by a four-fifths vote of all the qualified voters. This was confirmed by the Legislature in 1870. There was a later contract of March 9, 1905, not now material except that it again confirmed the decree of 1869, and has been performed up to the date of the bill.

But in May, 1920, the City, which is self-governing, amended its charter by giving itself power to purchase,

condemn and operate the various means and instrumentalities of public service such as gas and electric lighting plants, dock and wharf railway terminals, docks, wharves, and other things named, including the property jointly owned by the Galveston Wharf Company and the City, for the purpose of owning and operating any such public service and distributing it, with provision as to the mode of exercising eminent domain. By another amendment details were arranged in case the City should acquire the joint property by purchase or condemnation and by still another the City was authorized to compel a partition of the same property when authorized by a majority of its qualified voters, and to that end to prosecute a suit. It is alleged that the purpose of a partition would be a sale of one-third of the property upon a majority vote of the citizens, whereas the contract required a vote of four-fifths; and that a condemnation equally would impair the obligation of contracts and would deprive the plaintiff of its property without due process of law, contrary to the Constitution of the United States. The plaintiff further shows large expenditures to improve the property at its own cost and points out other property that it says can be taken more fairly if the City wishes to start municipal wharves.

Without going into greater detail we will assume that the alleged contract was made and bound the City, and that its terms will be departed from if the City should exercise the new power. The bill alleges that the proper officers will declare the amendments adopted, and that unless restrained the City " will attempt to partition said property or condemn the same, or both," and prays for an injunction against attempting to enforce the amendments in any manner so far as the above mentioned property is concerned. The case was heard upon the pleadings and documentary evidence but it is unnecessary to state them further since the decree went upon the ground

that the bill did not state a case within the jurisdiction of the Court.

We are of opinion that the decree was right. If the bill can be taken to allege sufficiently any threat and intent of the defendant it does not show that the City will go beyond an exercise of the right of eminent domain. The allegation is, will attempt to partition or condemn. If questions can be raised about the constitutionality of the ordinance authorizing partition, the City may confine itself to condemnation, and will, so far as appears. But there is nothing to prevent the exercise of eminent domain by the legislative power. *West River Bridge Co.* v. *Dix,* 6 How. 507. *Long Island Water Supply Co.* v. *Brooklyn,* 166 U. S. 685. *Pennsylvania Hospital* v. *Philadelphia,* 245 U. S. 20. These cases not only dispose of the objection based upon the contract but also show the difference between an attempt to transfer property from one private person to another and the taking it for public administration by a public body. 166 U. S. 694. There is no question about the principle and therefore there is no substantial federal question raised by the bill. This seems to us so plain that we have not thought it necessary to consider whether the suit was prematurely brought.

*Decree affirmed.*