## STATE OF GEORGIA v. CITY OF CHATTANOOGA, TENNESSEE.

### IN EQUITY.

No. 21, Original.   Argued on motion to dismiss December 3, 1923.— Decided April 7, 1924.

1. Land acquired and held for railway purposes by one State within the borders of another with the latter's consent remains subject to the eminent domain of the State in which it lies and subject to be condemned by that State, or her authorized municipality, for a public street, in proceedings against the owner State, even though she has not consented to be sued.   P. 479.
2. Acceptance by Georgia of permission given her to acquire railroad land in Tennessee, is inconsistent with an assertion of her own sovereign privileges in respect of such land, and amounts to consent that it may be condemned as may like property of others.   P. 482.
3. Lack of opportunity to be heard before passage of an ordinance opening a street furnishes no ground of complaint, since the taking is a legislative and not a judicial function and an opportunity to be heard in advance need not be given.   P. 483.
4. In condemnation proceedings, personal service upon the owner is not essential; notice by publication is sufficient.   *Id.*
5. A suit brought by a State in this Court to enjoin proceedings to condemn her land in another State begun by a city, will be dismissed for want of equity where no complaint is made that the laws do not afford reasonable notice and opportunity to be heard before final determination of judicial questions involved in the condemnation proceedings, and where these afford a plain, adequate and complete remedy at law.   *Id.*

Bill dismissed without prejudice.

On defendant's motion to dismiss a bill filed in this Court by the State of Georgia to enjoin the City of Chattanooga from prosecuting, in a court of Tennessee, proceedings to condemn part of a railroad yard, owned by the plaintiff within the City, and from interfering with the possession of the plaintiff and its lessee, etc.

*Mr. Sam E. Whitaker,* for defendant, in support of the motion to dismiss the bill.

I. The courts of Tennessee had jurisdiction to entertain the petition for condemnation and, that jurisdiction hav-

ing been invoked, this Court is without power to enjoin the proceedings in the state court. *Harkrader* v. *Wadley,* 172 U. S. 148; *Wallace* v. *McConnell,* 13 Pet. 136; *Chittenden* v. *Brewster,* 2 Wall. 191; *Orton* v. *Smith,* 18 How. 263; *Freeman* v. *Howe,* 24 How. 450; *Peck* v. *Jennis,* 7 How. 612; *Taylor* v. *Carryl,* 20 How. 583; *Wiswall* v. *Sampson,* 14 How. 52; *Covell* v. *Heyman,* 111 U. S. 176; *Heidritter* v. *Elizabeth Co.,* 112 U. S. 294; *Riggs* v. *Johnson County,* 6 Wall. 166; *Moran* v. *Sturges,* 154 U. S. 256; *In re Chetwood,* 165 U. S. 443.

The sovereignty of Georgia cannot be extended within the boundaries of Tennessee so as to prevent Tennessee from exercising its eminent domain over all lands within its borders by whomsoever owned. The courts of Tennessee, therefore, have authority to entertain petitions for condemnation of such lands.

II. Georgia had acquired these lands within Tennessee on the express condition that, as to them, it should be subject to suit as private railroad corporations were subject to suit, and the courts of Tennessee, having authority to entertain petitions for condemnation of the lands of private railroad corporations, had the power to condemn the lands of the plaintiff State. *East Tenn., etc., Ry. Co.* v. *Nashville, etc., Ry. Co.,* 51 S. W. 202; *Western & Atlantic R. R. Co.* v. *Taylor,* 6 Heisk. 408; *South Carolina* v. *United States,* 199 U. S. 437; *United States* v. *Planters' Bank,* 9 Wheat. 904; *Kentucky Bank* v. *Wister,* 2 Pet. 318; *Louisville, etc. R. R. Co.* v. *Letson,* 2 How. 497; *Pennsylvania* v. *Wheeling Bridge Co.,* 13 How. 518.

III. This Court has no power to enjoin the proceedings in the courts of Tennessee, being prohibited from doing so by § 720, Rev. Stats.

This section applies to the Supreme Court as well as to other federal courts. *Slaughter-House Cases,* 10 Wall. 273.

The gravamen of the relief sought by the bill is an injunction against the proceedings in the state court, and

the transfer of the litigated questions to this Court. This is prohibited by Rev. Stats., § 720. *Dial* v. *Reynolds,* 96 U. S. 340; *Haines* v. *Carpenter,* 91 U. S. 254; *United States* v. *Parkhurst-Davis Co.,* 176 U. S. 317; *Hull* v. *Burr,* 234 U. S. 712.

The parties are the same in the action pending in this Court and in the state court and the matter in controversy is the same. *Tennessee Cent. R. R. Co.* v. *Campbell,* 109 Tenn. 640; *Watson* v. *Jones,* 13 Wall. 679; *Hunt* v. *New York Cotton Exchange,* 205 U. S. 322.

An injunction by this Court would not be one to protect its jurisdiction previously acquired. *French* v. *Hay,* 22 Wall. 250; *Dietzsch* v. *Huidekoper,* 103 U. S. 494; *Julian* v. *Central Trust Co.,* 193 U. S. 93; *Madisonville Trac. Co.* v. *St. Bernard Mining Co.,* 196 U. S. 239.

The suit in the state court had been commenced prior to the institution of this suit and, therefore, this case does not come within those decisions permitting an injunction against the commencement of suits in a state court on an alleged unconstitutional state statute. *Ex parte Young,* 209 U. S. 123; *Truax* v. *Raich,* 239 U. S. 33.

The alleged unconstitutionality of a statute under which a suit has been begun affords no reason for the issuance of an injunction against a suit already begun. *Robb* v. *Connolly,* 111 U. S. 624; *Fitts* v. *McGhee,* 172 U. S. 516; *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210; *Singer Sewing Mach. Co.* v. *Benedict,* 229 U. S. 481.

This case is unlike *Simon* v. *Southern Ry. Co.,* 236 U. S. 115, where an injunction was issued against the enforcement of a void judgment.

Comity requires that this Court should not interfere with the suit in the state court. *Wells Fargo Express Co.* v. *Taylor,* 254 U. S. 175; *Moran* v. *Sturges,* 154 U. S. 168; *Riggs* v. *Johnson County,* 6 Wall. 166.

IV. The Court is prohibited by the Eleventh Amendment from assuming jurisdiction over proceedings begun or pending in state courts.

The issuance of an injunction against the suit in the state court, begun by a citizen of Tennessee against the State of Georgia, would be an assumption of jurisdiction over that suit within the prohibition of the Eleventh Amendment. *Gunter* v. *Atlantic Coast Line Co.,* 200 U. S. 273.

A decision on the merits of the controversy pending in the state court and raised here, whether or not an injunction is issued, would be an assumption of jurisdiction over that suit within the prohibition of the Eleventh Amendment.

The effect of an injunction against the suit in the state court and the assumption of jurisdiction over the controversy by this Court would be to remove the case from the state court to this Court, and this Court is without power to remove a case brought in a state court by a citizen of one State against another State. *Postal Telegraph Cable Co.* v. *Alabama,* 155 U. S. 482; *Tennessee Cent. R. R. Co.* v. *Campbell,* 109 Tenn. 640.

V. The defenses set up in the bill to the petition for condemnation can be fully made and adequate relief obtained in the Circuit Court for Hamilton County, Tennessee, where the petition has been filed. The plaintiff here therefore has an adequate and complete remedy at law, and this being so, equity will not intervene, even if the plaintiff in the action at law threatens to invade some constitutional right of the defendant. *Singer Sewing Mach. Co.* v. *Benedict,* 229 U. S. 481; *Robb* v. *Connolly,* 111 U. S. 624.

The plaintiff in this suit can make in the state court every defense raised to the defendant's effort to condemn its property. *Tennessee Cent. R. R. Co.* v. *Campbell,* 109 Tenn. 640.

*Mr. George M. Napier,* Attorney General of the State of Georgia, and *Mr. William L. Frierson,* with whom *Mr. Robert H. Williams* and *Mr. Joe V. Williams* were on the

brief, for complainant, in opposition to the motion to dismiss the bill.

I. The Eleventh Amendment is clearly inapplicable.

II. The state court has not acquired, and cannot acquire, jurisdiction of the State of Georgia, without its consent. And the pendency of the proceeding in that court cannot take from this Court its jurisdiction to determine the controversy presented by the bill.

It will not be denied that Georgia is not subject to be sued by a citizen of another State in any court without its consent. It follows that, without such consent, no court can ever acquire jurisdiction of a suit by a citizen to which that State is a necessary party. The owner of land is always a necessary party to a proceeding to condemn the land. Assuming that the necessary consent has not been given, the prosecution of the proceeding in the state court will be an idle ceremony, for any judgment appropriating plaintiff's land will be a nullity. The pendency of that proceeding, therefore, cannot deprive this Court of its jurisdiction to determine the controversy when properly presented.

If it be conceded that § 720, Rev. Stats., forbids this Court to enjoin the City from prosecuting its void proceeding to final judgment, the jurisdiction to enjoin the use of that judgment to obtain plaintiff's property cannot be doubted. *Simon* v. *Southern Ry. Co.*, 236 U. S. 115.

Georgia could doubtless prevent a judgment by submitting to the jurisdiction of the Tennessee court. But it prefers not to waive its right to have the controversy determined by this Court which, at its instance, has jurisdiction. Being unwilling to enter its appearance in the state court, it can only expect that judgment by default will go against it. And, though the judgment will be void, defendant will, at once, proceed to execute it by taking plaintiff's land. Hence, even if defendant cannot be enjoined from prosecuting its proceeding to judgment, it

can and ought to be enjoined from interfering with plaintiff's possession until this Court determines the controversy.

But § 720, Rev. Stats., does not really forbid an injunction against prosecuting the condemnation proceeding. As said in *Simon* v. *Southern Ry. Co., supra,* the inhibition is against staying "proceedings" in a state court, and this means a proceeding of which the court has jurisdiction.

The same conclusion results from another consideration. This Court has taken jurisdiction of the controversy and will use such process as may be necessary to protect its jurisdiction.   True, an injunction will not issue to restrain proceedings previously begun in another court of concurrent jurisdiction.   In other words the jurisdiction of such a court, if first acquired, will be respected.   But here, when the bill was filed the state court had not acquired and was powerless to acquire jurisdiction to determine the rights of Georgia.   *Wells Fargo & Co.* v. *Taylor,* 254 U. S. 175.

III. The State of Georgia has not consented to be sued, either in its own legislation or by inference from the enabling acts under which it extended its road into Tennessee.

It is insisted that in *East Tennessee, etc., Ry. Co.* v. *Nashville, etc., Ry. Co.,* 51 S. W. 202, the Supreme Court of Tennessee has construed the enabling acts as making Georgia subject to suit, with respect to its railroad, in Tennessee.   But this contention cannot be maintained. There the State, by filing an answer, consented to the jurisdiction; there was no occasion to consider whether it had previously consented, and the court obviously did not consider it.   Certainly the court did not sustain the jurisdiction on any construction of the enabling acts.   See *Tappan* v. *Railroad Co.,* 3 Lea, 106.

There has been no authoritative construction of these acts by the court of last resort and the only fair construc-

tion of them is that no consent on the part of Georgia to submit to the jurisdiction of the Tennessee courts is to be implied except, perhaps, in cases in which it, itself, seeks to condemn property.

IV. It is said that this suit cannot be maintained because there is an adequate remedy at law; that Georgia may go into the Tennessee court and, by way of defense, have determined the same questions it has brought to this Court. If the Tennessee court had jurisdiction of Georgia there might be force in this suggestion. But Georgia cannot be forced to submit to the jurisdiction of that court. It has before it the threat that through the void judgment of a court, without jurisdiction of it, it will be dispossessed of its property. It asserts that, since it is unwilling to waive its rights, this is the only court which may rightfully determine the controversy it submits.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The State of Georgia obtained leave to file its bill of complaint in this Court in a suit against the City of Chattanooga to enjoin it from appropriating for street purposes certain lands constituting a part of a railroad yard which that State owns in Chattanooga.

The substance of the bill may be stated briefly. In 1837, Georgia undertook the construction of a railroad, known as the Western and Atlantic Railroad, extending from Atlanta to Chattanooga. The legislature of Tennessee granted to Georgia the right to acquire the necessary right of way from the state line to Chattanooga and also land for terminal facilities. In 1852, Georgia purchased about 11 acres, then in the outskirts of that city, on which is located its railroad yard. The city has grown and this tract of land is now near the business center. Georgia owns and formerly operated the railroad, but since 1870, it has been operated by lessee companies; and now the Nashville, Chattanooga & St. Louis Railway Company operates it under a lease which will expire in 1969.

For some years, there has been a demand for extending one of the principal streets of the city through this railroad yard. Georgia denies the power of the city to condemn the necessary right of way for the street. It says that the right of Tennessee to condemn this land or to authorize the city to condemn it is not involved. But it asserts that the State has not authorized the city to condemn this land; that the city has been granted power of eminent domain only to the extent that it is granted by general statutes to corporations; that these statutes do not confer the power to appropriate land already devoted to public use; that such land can be taken only when specifically authorized and that no power has been delegated to take property which the State has permitted a sister State to acquire. It is stated that the city officials have assumed by ordinance to open the street in such a way as will destroy the yard for railroad purposes, and that, prior to the filing of the bill in this case, the city commenced proceedings in the Circuit Court of Hamilton County, Tennessee, to condemn the right of way for the proposed street extension, and in its petition named the State of Georgia and its lessee as defendants, and caused publication to be made for that State as a non-resident defendant. The bill alleges that Georgia has never consented to be sued in the courts of Tennessee, and prays for a decree enjoining the city from prosecuting the proceedings, and from interfering with Georgia or its lessee in the possession and use of the land, and decreeing that its land which the city seeks to appropriate is not subject to condemnation. The city moves to dismiss the bill. The motion must be granted.

1. The power of Tennessee, or of Chattanooga as its grantee, to take land for a street is not impaired by the fact that a sister State owns the land for railroad purposes. Having acquired land in another State for the purpose of using it in a private capacity, Georgia can claim no sov-

ereign immunity or privilege in respect to its expropriation. The terms on which Tennessee gave Georgia permission to acquire and use the land and Georgia's acceptance amount to consent that Georgia may be made a party to condemnation proceedings.

The power of eminent domain is an attribute of sovereignty, and inheres in every independent State. See *Boom Co.* v. *Patterson,* 98 U. S. 403, 406; *United States* v. *Jones,* 109 U. S. 513, 518; *Shoemaker* v. *United States,* 147 U. S. 282, 300; *Cincinnati* v. *Louisville & Nashville R. R. Co.,* 223 U. S. 390, 404. The taking of private property for public use upon just compensation is so often necessary for the proper performance of governmental functions that the power is deemed to be essential to the life of the State. It cannot be surrendered, and if attempted to be contracted away, it may be resumed at will. *Pennsylvania Hospital* v. *Philadelphia,* 245 U. S. 20; *Galveston Wharf Co.* v. *Galveston,* 260 U. S. 473. It is superior to property rights (*Kohl* v. *United States,* 91 U. S. 367, 371) and extends to all property within the jurisdiction of the State,—to lands already devoted to railway use, as well as to other lands within the State. *United States* v. *Gettysburg Electric Ry. Co.,* 160 U. S. 668, 685; *Adirondack Ry. Co.* v. *New York State,* 176 U. S. 335, 346. Land acquired by one State in another State is held subject to the laws of the latter and to all the incidents of private ownership. The proprietary right of the owning State does not restrict or modify the power of eminent domain of the State wherein the land is situated. See *Burbank* v. *Fay,* 65 N. Y. 57, 62; *United States* v. *Railroad Bridge Co.,* 6 McLean, 517, 533; *United States* v. *Chicago,* 7 How. 185, 194. Tennessee by giving Georgia permission to construct a line of railroad from the state boundary to Chattanooga did not surrender any of its territory or give up any of its governmental power over the right of way and other lands to be acquired by Georgia

for railroad purposes. The sovereignty of Georgia was not extended into Tennessee. Its enterprise in Tennessee is a private undertaking. It occupies the same position there as does a private corporation authorized to own and operate a railroad; and, as to that property, it cannot claim sovereign privilege or immunity. *Bank of the United States* v. *Planters' Bank,* 9 Wheat. 904, 907; *Bank of Kentucky* v. *Wister,* 2 Pet. 318, 323; *Louisville, C. & C. R. R. Co.* v. *Letson,* 2 How. 497, 550; *South Carolina* v. *United States,* 199 U. S. 437, 463. Undoubtedly Tennessee has power to open roads and streets across the railroad land owned by Georgia.

Chattanooga contends that Georgia has consented to be sued in the courts of Tennessee in respect of its railroad in that State. This claim is based upon the terms of the permission. Chapter 1, Tennessee Laws 1845–6, created the Nashville & Chattanooga Railroad Company for the purpose of constructing and operating a line of railroad between Nashville and Chattanooga, and among other things made it capable in law of suing and being sued. Chapter 195, Tennessee Laws 1847–8, provides that " all the rights, privileges and immunities, with the same restrictions which are given and granted to the Nashville and Chattanooga Rail Road Company by the act [Chapter 1 above-mentioned] . . . are, so far as they are applicable, hereby given to and conferred upon the State of Georgia, to be enjoyed and exercised by that State in the construction of that part of the Western and Atlantic Rail Road, lying in Hamilton county, Tennessee, and in the management of its business." *East Tennessee, Virginia and Georgia Railway Company* v. *Nashville, Chattanooga and Saint Louis Railway Company,* and others, including the State of Georgia (Court of Chancery Appeals, Tennessee, 1897, 51 S. W. 202) was a suit concerning the administration of this railroad owned by Georgia in Tennessee. (page 211.) Georgia insisted that, being

a sovereign State, it could not be sued in Tennessee. (page 203.)    The court said that the act last above mentioned "includes among the rights and restrictions the right to sue and be sued.    This includes, namely, the courts of Tennessee along with other courts."    (page 211.) The case was taken to the Supreme Court of the State, where a decree was entered affirming the lower court (with modifications) in which it was said, "The relief allowed as to the State of Georgia does not touch her sovereignty, but concerns only her contracts as to the operation of the Union Depot situated in the City of Chattanooga. . . ." These decisions support the contention that Georgia has consented to be sued in the courts of Tennessee in respect of its railroad property in that State.

But we need not decide the broad question whether Georgia has consented generally to be sued in the courts of Tennessee in respect of all matters arising out of the ownership and operation of its railroad property in that State.    The Circuit Court of Hamilton County had jurisdiction in the matter of the condemnation of land for streets by the City of Chattanooga, and exercised it prior to the filing of the bill of complaint in this Court.    The State of Georgia and its lessee were named as parties. Notice was given to Georgia as a non-resident by publication.    Having divested itself of its sovereign character, and having taken on the character of those engaged in the railroad business in Tennessee ( *Bank of the United States* v. *Planters' Bank, supra*), its property there is as liable to condemnation as that of others, and it has, and is limited to, the same remedies as are other owners of like property in Tennessee.    The power of the city to condemn does not depend upon the consent or suability of the owner. Moreover, the acceptance by Georgia of the permission given it to acquire the railroad land in Tennessee is inconsistent with an assertion of its own sovereign privileges in respect of that land and precludes a claim that it is not

subject to taking for the use of the public, and amounts to a consent that it may be condemned as may like property of others.

2. There is such a want of equity that the bill will be dismissed. The lack of opportunity to be heard before the passage of the ordinance opening the street furnishes no ground for complaint. The taking is a legislative and not a judicial function, and an opportunity to be heard in advance need not be given. *Bragg* v. *Weaver,* 251 U. S. 57, 58. Personal service upon the owner is not essential; publication of notice is sufficient. *Bragg* v. *Weaver, supra,* 59, 61. No complaint is made that the laws of Tennessee do not afford the State of Georgia and other owners reasonable notice and opportunity to be heard before the final determination of judicial questions that may be involved in the condemnation proceedings, e. g., whether the State has delegated to the city the power to condemn; whether the taking is for a public purpose; (*Rindge Co.* v. *Los Angeles,* 262 U. S. 700, 705; *Hairston* v. *Danville & Western Ry. Co.,* 208 U. S. 598, 606) and the amount of the compensation. *Seaboard Air Line Ry. Co.* v. *United States,* 261 U. S. 299, 304. Georgia has been given notice and has the right voluntarily to appear. See *Clark* v. *Barnard,* 108 U. S. 436, 447. All its objections and defenses may be interposed in the Tennessee court. It appears on the face of the bill of complaint that, if it so elects, Georgia has a plain, adequate and complete remedy in the condemnation proceedings instituted by the city. Its contention that the requisite power to condemn has not been delegated to the city involves a consideration of the meaning and proper application of the laws of Tennessee, and it is especially appropriate that the Tennessee courts shall first decide that question. The decision of its highest court on that question would be followed by this Court. *Maguire* v. *Reardon,* 255 U. S. 271; *Cusack Co.* v. *Chicago,* 242 U. S. 526, 529; *Reinman* v.

*Little Rock,* 237 U. S. 171, 176; *Atlantic Coast Line R. R. Co.* v. *Goldsboro,* 232 U. S. 548, 555. If the decision of that court shall deny to Georgia any rights secured to it by the Constitution and laws of the United States, the case may be brought here for reëxamination and review. That suits in equity will not be sustained in any case where a plain, adequate and complete remedy may be had at law is declared by statute (Judicial Code, § 267) and established by decisions of this Court so numerous that citation is not necessary.

*Bill dismissed without prejudice.*