771 F.2d 44
 ROSENTHAL & ROSENTHAL INC. and Broadway 41st Street Realty
Corporation, Plaintiffs-Appellants,
v.
The NEW YORK STATE URBAN DEVELOPMENT CORPORATION; the Times
Square Redevelopment Corporation; William J. Stern, as
Chairman and President of both the Urban Development
Corporation and the Times Square Redevelopment Corporation;
the City of New York; Edward I. Koch, as Mayor of the City
of New York; Park Tower Realty Corporation and George E.
Klein, Defendants-Appellees,
and
Mario M. Cuomo, as Governor of the State of New York, Defendant.
 No. 1103, Docket 85-7104.
 United States Court of Appeals,
Second Circuit.
 Argued May 22, 1985.
Decided Aug. 26, 1985.
 
 Norman Dorsen, New York City (LeBoeuf, Lamb, Leiby & MacRae, Jacob Friedlander, John S. Kinzey and Gwenellen P. Janov, New York City, of counsel), for plaintiffs-appellants.
 Peter James Johnson, New York City (Leahey & Johnson, P.C., Michael Conforti and Kevin B. Lynch, New York City, of counsel), for defendants-appellees Urban Development Corp., Times Square Redevelopment Corp. and William J. Stern.
 Dean G. Yuzek, New York City (Shea & Gould, Bernard D. Fischman and Judith L. Spanier, New York City, of counsel), for defendants-appellees Park Tower Realty Corp. and George Klein.
 Gary Schuller, New York City (Frederick A.O. Schwarz, Jr., Corp. Counsel, Joseph I. Lauer and Robert J. Pfeffer, New York City, of counsel), for defendants-appellees City of New York and Edward I. Koch.
 Before MANSFIELD, VAN GRAAFEILAND and PIERCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rosenthal & Rosenthal Inc. and Broadway 41st Street Realty Corporation appeal from a judgment of the United States District Court for the Southern District of New York (Motley, C.J.), 605 F.Supp. 612, dismissing their complaint against appellees, New York State Urban Development Corporation, et al., for failure to state a claim upon which relief may be granted. Appellants, lessee and owner of the Rosenthal Building located on West Forty-First Street between Broadway and Seventh Avenue, brought the instant action to enjoin appellees from commencing condemnation proceedings against their property and from otherwise seeking to take the property involuntarily. Because the proposed taking is rationally related to a conceivable public purpose, we affirm the judgment of dismissal.
 
 
 2
 This case represents the most recent chapter in the saga of the Forty-Second Street Development Project. The Project, a tripartite undertaking by the City of New York, the New York State Urban Development Corporation (UDC) and various private developers, is theproduct of a lengthy, statutorily mandated, land use review procedure which included extensive public hearings and resulted in hundreds of pages of detailed findings. Its primary goal is the elimination of the physical, social and economic blight that has afflicted the Times Square area of Manhattan for the past fifty years. See Natural Resources Defense Council, Inc. v. City of New York, 672 F.2d 292, 294 (2d Cir.), cert. dismissed, 456 U.S. 920, 102 S.Ct. 1963, 72 L.Ed.2d 462 (1982).
 
 
 3
 As part of the Project, the UDC has designated appellee, Park Tower Realty Corporation, as the developer of four new office towers, ranging in height from twenty-nine to fifty-six stories. If the Project proceeds as planned, the Rosenthal Building will be condemned and razed to make way for one of these new office buildings. Because appellants' building is structurally sound, fully utilized and is not blighted or substandard, they allege that its condemnation will be "neither for a public purpose, nor rationally related to a public purpose" but, instead, will be "completely arbitrary and capricious".
 
 
 4
 In an opinion dated January 8, 1985, the district court ordered the dismissal of appellants' complaint for failure to state a claim upon which relief might be granted. The court found that the Project "addresses legitimate public purposes in a reasonable way, and the inclusion of the Rosenthal building, less than a block from the core area of blight, is certainly not irrational". Relying upon Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954), and upon the Supreme Court's recent reaffirmation of Berman in Hawaii Housing Authority v. Midkiff, 104 S.Ct. 2321 (1984), the district court held that so long as there was a legitimate public purpose underlying the Project and so long as the proposed condemnation was rationally related to that purpose, the taking of the Rosenthal building met constitutional requirements. We agree.
 
 
 5
 The power of eminent domain is a fundamental and necessary attribute of sovereignty, superior to all private property rights. Georgia v. City of Chattanooga, Tennessee, 264 U.S. 472, 480, 44 S.Ct. 369, 370, 68 L.Ed. 796 (1924); Albert Hanson Lumber Company v. United States, 261 U.S. 581, 587, 43 S.Ct. 442, 444, 67 L.Ed. 809 (1923). This power, however, is circumscribed by the "public use" requirement of the Fifth and Fourteenth Amendments to the United States Constitution. Hawaii Housing Authority v. Midkiff, supra, 104 S.Ct. at 2328-30. Under the public use clause, "one person's property may not be taken for the benefit of another private person without a justifying public purpose, even though compensation be paid." Thompson v. Consolidated Gas Utilities Corp., 300 U.S. 55, 80, 57 S.Ct. 364, 376, 81 L.Ed. 510 (1937). "But where the exercise of the eminent domain power is rationally related to a conceivable public purpose", Hawaii Housing Authority v. Midkiff, supra, 104 S.Ct. at 2329, courts long have recognized that the compensated taking of private property for urban renewal or community redevelopment is not proscribed by the Constitution. Id. at 2329-30.
 
 
 6
 No serious argument can be made that the Forty-Second Street Development Project does not address legitimate public purposes in a reasonable manner. This Court already has taken note of the area's blighted condition. See Natural Resources Defense Council, Inc. v. City of New York, supra, 672 F.2d at 294, in which we referred to the "under-utilization of property in the area, high vacancy rates above the ground floor, the proliferation of pornographic uses, dilapidated store fronts, the number of lots in tax arrears, dirty and unsafe street conditions, and a high crime rate which requires increased allocation of police service to the area." Indeed, appellants do not seek to enjoin the Project in its entirety, but only as it affects their building.
 
 
 7
 However, the condemnation of appellants' building to make way for the redevelopment of the blighted area is a classic example of a taking for a public use or purpose within the law of eminent domain. It makes no difference that the property will be transferred to private developers, for the power of eminent domain is merely the means to the end. Hawaii Housing Authority v. Midkiff, supra, 104 S.Ct. at 2331. Nor does it matter that the Rosenthal Building is structurally sound and fully utilized because "community redevelopment programs need not, by force of the Constitution, be on a piecemeal basis--lot by lot, building by building." Berman v. Parker, supra, 348 U.S. at 35, 75 S.Ct. at 103-104. As the Supreme Court has made clear, "[w]hen the legislature's purpose is legitimate and its means are not irrational, ... empirical debates over the wisdom of takings--no less than debates over the wisdom of other kinds of socioeconomic legislation--are not to be carried out in the federal courts." Hawaii Housing Authority v. Midkiff, supra, 104 S.Ct. at 2330.
 
 
 8
 The judgment of the district court is affirmed.