**RLR INVESTMENTS, LLC, Appellant**

v.

**TOWN OF KEARNY; Mayor Alberto G. Santos; Council of the Town Kearny; Planning Board of the Town of Kearny.**

No. 09–3100.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) May 13, 2010.

Filed: July 2, 2010.

Frank E. Ferruggia, Esq., McCarter & English, Newark, NJ, for Appellant.

Gregory J. Castano, Jr., Esq., Castano Quigley, West Caldwell, NJ, for Town of Kearny, Mayor Alberto G. Santos, Council of the Town Kearny, Planning Board of the Town of Kearny.

Before: BARRY, WEIS and ROTH, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

This appeal is centered on the "public use" requirement for the governmental taking of private property. The appeal presents a number of overlapping and interrelated claims set out in a ten count complaint. We conclude that the District Court's judgment in favor of the governmental entry should be affirmed.

Plaintiff RLR Investments, LLC, a motor freight company, owns property in the Town of Kearny, New Jersey. In December 2000, defendants Town of Kearny and others ("defendants") adopted a resolution designating the plaintiff's property as "in need of redevelopment." Defendants planned to convert a portion of the town, which contained the plaintiff's property, into "a home improvement store, associated garden center and general retail [area], which may include a pharmacy, supermarket and/or casual dining restaurant or [coffee shop]."

In preparation for the redevelopment, defendants, in March 2008, entered the plaintiff's property and "conducted ... environmental tests ..., including drilling and excavation, performing soil borings, removing soil and earth, collecting soil and groundwater samples, and investigating the subsurface soil, rock and groundwater conditions."

In June 2008, plaintiff filed an amended complaint against defendants alleging multiple federal and state law claims challenging, among other things, the entry onto the property, the environmental testing, and the designation of the land as "in need of redevelopment." Defendants filed motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). The District Court determined that the federal counts should be dismissed and declined to exercise supplemental jurisdiction over the asserted violations of state law. In the interest of clarity we will discuss each count seriatim.

I.

Count one alleged that New Jersey's Local Redevelopment and Housing Law, N.J.S.A. 40A:12A–1 to –49, violated the takings clauses of the United States

and New Jersey constitutions. The challenged statute permits the "municipality or designated redevelopment entity [to] ... [e]nter upon ... property in any redevelopment area in order to conduct investigations or make surveys, sound or test borings necessary to carry out the purposes of this act." 40A:12A–8h.

Plaintiff contends that the law is facially unconstitutional because the "legislature cannot authorize entry onto land that amounts to an uncompensated taking of private property, nor can it authorize entry onto land that amounts to a taking of private property that is not for a public purpose." In addition, plaintiff argues that the law is unconstitutional as-applied to the plaintiff's property.

### A. Facial Challenge Under the Federal Constitution—Public Purpose

Plaintiff argues that the District Court erroneously dismissed this portion of count one. This claim is ripe for adjudication, see *Carole Media LLC v. New Jersey Transit Corp.*, 550 F.3d 302, 307–08 (3d Cir.2008), but dismissal was proper.

The federal takings clause does not "prohibit the taking of private property, but instead places ... condition[s] on the exercise of that power." *First English Evangelical Lutheran Church of Glendale v. Los Angeles County, Ca.*, 482 U.S. 304, 314, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). Specifically, private property cannot be taken unless there be a "public purpose" for the taking and "just compensation" be paid. U.S. Const. Amend. V.

State legislatures have "broad latitude in determining what public needs justify the use of the takings power," *Kelo v. City of New London*, 545 U.S. 469, 483, 125 S.Ct. 2655, 162 L.Ed.2d 439 (2005), and courts give "great respect" to those determinations, *id.* at 482, 125 S.Ct. 2655 (citation omitted). The public use requirement is satisfied "where the exercise of the eminent domain power is rationally related to a conceivable public purpose." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 241, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984).

New Jersey enacted its Local Redevelopment and Housing Law to alleviate "conditions of deterioration" and to "promot[e] the physical development that will be most conducive to the social and economic improvement of the State and its several municipalities." N.J.S.A. 40A:12A–2.

Before the government may enter property and conduct the type of surveying and testing challenged by plaintiff, there must have been a designation of an area in need of redevelopment and a redevelopment plan adopted. N.J.S.A. 40A:12A–8. The redevelopment process may include

"clearance, replanning, development and redevelopment; the conservation and rehabilitation of any structure or improvement, the construction and provision for construction of residential, commercial, industrial, public or other structures and the grant or dedication of spaces as may be appropriate or necessary in the interest of the general welfare for streets, parks, playgrounds or other public purposes."

N.J.S.A. 40A:12A–3.

New Jersey's Local Redevelopment and Housing Law, N.J.S.A. 40A:12A–8h, on its face, does not permits the entry onto and testing of private property without a justifying public purpose. The entry, surveying, and/or testing must be "necessary to carry out the purposes of th[e law,]" *id.*, and, given the statutory scheme and latitude legislatures possess in determining a public purpose, we conclude the activities authorized by the law are "rationally related to a conceivable public purpose[,]" *see Midkiff*, 467 U.S. at 241, 104 S.Ct. 2321,

and thus satisfy the federal constitution's public use requirement.

### B. As–Applied Challenge Under The Federal Constitution— Public Purpose

■ Plaintiff contends that as-applied to its property, N.J.S.A. 40A:12A–8h authorized a non-public taking in violation of the federal takings clause. The claim is ripe for adjudication, see Carole Media LLC, 550 F.3d at 307–08, and was properly dismissed.

The District Court determined that even if the entry and environmental testing constituted a taking, those actions were done for a public purpose: to ensure that the plaintiff's land was viable for the defendants' redevelopment plans.

The Supreme Court has held that the public use clause is not violated where a town takes private land to promote economic development it "believes will provide appreciable benefits to the community." Kelo, 545 U.S. at 483–84, 125 S.Ct. 2655. The entry statute, as-applied to the plaintiff's property, did not violate the public purpose portion of the federal takings clause.

### C. Claims Under The New Jersey Constitution

The District Court chose not to exercise supplemental jurisdiction over the plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). Therefore, we will not review the dismissal of claims brought pursuant to New Jersey law.

### II.

■ In count two, plaintiff alleged that a portion of New Jersey's Eminent Domain Act violated the takings clauses of the United States and New Jersey constitutions. The challenged portion of the Act allows a condemnor, before the commencement of any condemnation proceeding, to "enter upon any property which it has the authority to condemn for the purpose of making studies, surveys, tests, soundings, borings and appraisals." N.J.S.A. 20:3–16.

Plaintiff avers that the law is facially unconstitutional because the "legislature cannot authorize entry onto land that amounts to an uncompensated taking of private property, nor can it authorize entry onto land that amounts to the taking of private property that is not for public use." In addition, plaintiff contends that the law is unconstitutional as-applied to its property.

On appeal, plaintiff argues that the District Court erroneously dismissed count two in regard to the public use portions of the federal and state constitutions. We conclude that the District Court did not err in dismissing the federal contentions in count two. We decline to address the claims raised under the New Jersey constitution.

### III.

In count three, plaintiff alleged that "[t]he [2008] entering of [its] property to conduct ... environmental investigation activities [wa]s a taking that violate[ed] the public use clauses of the United States and N.J. Constitution" and New Jersey's Blighted Area Clause, N.J. Const. Art. VIII, § 3, ¶1. According to plaintiff, its property was not blighted and thus "the only purpose the taking serves is to take property from one private party for the benefit of another private party."

### A. United States Constitution— Public Use

■Plaintiff is correct that its federal public use claim is ripe for adjudication. See Carole Media LLC, 550 F.3d at 307–

08. Dismissal was nevertheless proper. The ripeness of a public use claim "is distinct from the issue of whether [a plaintiff] alleged sufficient facts on the merits to survive a motion to dismiss under Rule 12(b)(6)." *Id.* at 308.

The federal constitution does not prohibit the taking of private property. The District Court correctly determined the entry onto the plaintiff's property and subsequent environmental testing, even if a taking, were done for a public purpose: economic development. *See Kelo,* 545 U.S. at 483–84, 125 S.Ct. 2655.

Plaintiff has alleged that its property is fully productive and not blighted, but that does not alter the analysis under the federal public use clause. *See id.* at 482, 125 S.Ct. 2655 (finding a public purpose even though the city was "not confronted with the need to remove blight"); *see also Berman v. Parker,* 348 U.S. 26, 33–36, 75 S.Ct. 98, 99 L.Ed. 27 (1954) (where a public purpose exists, a non-blighted, individual property may be included in the taking of a larger, blighted area).

Also immaterial to the federal public use analysis are the plaintiff's arguments about the propriety of the determination that the property was blighted under New Jersey law and New Jersey's requirement that only blighted property may be taken for a public purpose. States may provide greater restrictions on the use of eminent domain than those afforded under the federal constitution. *Dahlen v. Shelter House,* 598 F.3d 1007, 1012 (8th Cir.2010). However, "[t]he Fifth Amendment's test for whether a taking was done without a justifying public purpose does not incorporate state law definitions of the term 'public purpose.'"

Plaintiff, therefore, failed to state a public use claim under the United States constitution.

### B.  New Jersey Constitutional Claims

We do not address claims raised under the New Jersey constitution.

### IV.

Count four, titled "Declaratory Relief[,]" alleged that defendants did "not have the authority to condemn [the] plaintiff's property[ and their] entry was unlawful." Because the property was not blighted under New Jersey law, plaintiff asserts that without a valid redevelopment determination, the entry and subsequent surveying and testing violated not only New Jersey's Eminent Domain Act, but also the takings clauses of the federal and state constitutions as well as New Jersey's Blighted Area Clause.

Plaintiff argues that this count was erroneously dismissed. As we previously explained, the defendants' actions did not violate the public use component of the federal takings clause. State law definitions and determinations of blight do not affect the federal analysis here. Accordingly, we agree with the dismissal of this count. We do not address the alleged violations of state law.

### V.

Count five alleged that the property "is not blighted" and that "[t]he designation of . . . [the] property as in need of redevelopment and subject to eminent domain is not supported by substantial evidence, is based on a net opinion, and is in violation of [the Blighted Areas Clause] of the New Jersey Constitution." We do not review this state law count.

### VI.

█  Count six alleged that defendants violated the due process clause of the Fifth Amendment to the United States constitu-

tion by failing to provide plaintiff notice and an opportunity to be heard in the year 2000 on the issue of whether its property was in need of redevelopment. The District Court did not rule on this count, and plaintiff argues that dismissal was error. According to plaintiff, this claim is "separate and distinct from [its] Public Use claim[s,]" and the lack of notice resulted in a "final and concrete" designation of blight.

In the eminent domain context, the federal constitution's due process clause is satisfied so long as property "owners [have] reasonable notice and [the] opportunity to be heard before the *final* determination of judicial questions that may be involved in the condemnation proceedings—e.g., ... whether the taking is for a public purpose." *Georgia v. City of Chattanooga*, 264 U.S. 472, 483, 44 S.Ct. 369, 68 L.Ed. 796 (1924) (emphasis supplied).

In *City of Chattanooga*, the Court explained that the state of Georgia, as property owner, was not deprived of due process even though it lacked "the opportunity to be heard before the passage of [an] ordinance" subjecting its property to eminent domain. *Id.* at 483, 44 S.Ct. 369. The Court concluded that the owner had the ability to present its objections and defenses in state court before the property was finally condemned and was thus provided a "plain, adequate, and complete remedy." *Id.*; *compare Brody v. Village of Port Chester*, 434 F.3d 121 (2d Cir. 2005) (procedural due process violated where notice inadequate to alert owner to *exclusive* mechanism to challenge the determination of public use and the time to use that process had expired).

In this case, the notice required by the federal Constitution is supplied by New Jersey.

The state's law requires a proper designation of "in need of redevelopment," which is synonymous with the term "blight." *Harrison Redevelopment Agency v. DeRose*, 398 N.J.Super. 361, 942 A.2d 59, 79 (N.J.Super.Ct.App.Div.2008). The designation is "binding and conclusive upon all persons affected by the determination[,]" N.J.S.A. 40A:12A–6b(5), and "means that the government's acquisition of property in the redevelopment area shall be treated as a legitimate 'public purpose' for purposes of [New Jersey] constitutional takings law[,]" *DeRose*, 942 A.2d at 80. Receiving notice and an opportunity to be heard on such a designation is, therefore, critical.

New Jersey property owners who receive adequate notice that their land has been deemed to be "in need of redevelopment" and desire to object to that determination must do so promptly. *See DeRose*, 942 A.2d at 90; *see also* N.J.S.A. 40A:12A–6. However, to "ensure[ ] that [its] ... laws pass muster under the Due Process Clause of the Federal Constitution[,]" *DeRose*, 942 A.2d at 63, New Jersey permits those that do not receive sufficient notice (the situation plaintiff has alleged) "to challenge the validity of a municipal determination that his or her property is in need of redevelopment, or is necessary to accomplish the redevelopment of nearby premises, through the assertion of a defense in an eminent domain action[,]" *id.* at 90.

The plaintiff's argument that the alleged lack of notice resulted in a "final and concrete" designation of blight is, therefore, not correct. Plaintiff may still challenge the "in need of redevelopment" finding in any future condemnation proceeding. Therefore, the federal due process clause has not been violated.

### VII.

Count seven alleged a due process violation under New Jersey law. We do not address this state law claim.

## VIII.

In count eight, titled "Declaratory Relief[,]" plaintiff averred that "[d]efedants had no right to enter [the] plaintiff's property under N.J.S.A. 40A:12A–8h because the designation of [the] plaintiff's property as one in need of redevelopment was unconstitutional and was not supported by substantial evidence." According to plaintiff, "[t]he statutory predicate to the right of entry under the Local Redevelopment and Housing Law was not satisfied." We do not address this alleged violation of New Jersey law.

## IX.

Count nine asserted that the defendants' actions were arbitrary, capricious, and unreasonable because their "designating [the] plaintiff's property as one in need of redevelopment, creating and adopting a redevelopment plan, designating a redeveloper for [the] plaintiff's property and approving and executing a Redeveloper Agreement all occurred without adequate prior or contemporaneous notice to ... plaintiff and an opportunity to be heard." The federal due process clause was not violated, and we decline to address the assertion that the defendants' conduct was improper under state law.

## X.

In count ten, plaintiff alleged a violation of New Jersey's Eminent Domain Act. We will not address this state law claim.

## XI.

Our extensive review of the plaintiff's amended complaint, arguments on appeal, and the law has convinced us that the District Court's dismissal of the plaintiff's federal claims was not error. Supplemental jurisdiction was not exercised.

Accordingly, the judgment in favor of the defendants will be affirmed.