24-402-cv
*Grand Medford Estates, LLC v. Town of Brookhaven*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

GRAND MEDFORD ESTATES, LLC, SCHEYER COURT, LLC,

        *Plaintiffs-Appellants*,

    v.                                                                                  24-402-cv

TOWN OF BROOKHAVEN, THE TOWN BOARD OF THE TOWN OF BROOKHAVEN, THE PLANNING BOARD OF THE TOWN OF BROOKHAVEN,

        *Defendants-Appellees*.

---

FOR PLAINTIFFS-APPELLANTS:        FREDRICK P. STERN, Scheyer & Stern, LLC, Nesconset, New York.

FOR DEFENDANTS-APPELLEES:        TIMOTHY F. HILL, Perillo Hill LLP, Sayville, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order, entered on January 17, 2024, is **AFFIRMED**.

Grand Medford Estates, LLC ("Grand Medford") and Scheyer Court, LLC (together with Grand Medford, "Appellants") appeal from the district court's dismissal of their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Appellants' claims, which assert various violations of the U.S. Constitution and New York state law, arise from Appellants' application for development of two residential subdivisions, Medford Gardens and Quigley Estates, submitted for approval to Defendants-Appellees the Town of Brookhaven, the Town Board of the Town of Brookhaven, and the Planning Board of the Town of Brookhaven (collectively, the "Town"). To secure final approval for their subdivisions, Appellants posted performance bonds, as required by the Town, to be released upon Appellants' completion of certain public improvements. As relevant here, the amended complaint alleges that, although Appellants completed all of the work required by the Town, the Town wrongfully refused to release the bonds and continues to demand that certain additional work, enumerated in a "punchlist" for each subdivision, be completed before the bonds are released, in violation of Appellants' procedural due process rights. The amended complaint further alleges with respect to Medford Gardens that the Town, *inter alia*: (1) improperly designated Lot 26 as a protected wetland under the Town Code without notice and an opportunity to be heard, in violation of Grand Medford's procedural due process rights; and (2) wrongfully delayed the issuance of certificates of occupancy for two single-family units and threatened representatives of Grand Medford in an effort to prevent them from bringing a lawsuit on the issue, in violation of Grand Medford's substantive due process rights.

On January 17, 2024, the district court dismissed all of the federal claims in the amended complaint and declined to exercise supplemental jurisdiction over the pendent state-law claim. *See generally Grand Medford Ests., LLC v. Town of Brookhaven*, No. 22-CV-7834 (ARR) (ARL), 2024 WL 185318 (E.D.N.Y. Jan. 17, 2024). On appeal, Appellants argue that the district court erred in dismissing their due process claims without leave to re-plead.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We conduct a *de novo* review of a district court's grant of a motion to dismiss under Rule 12(b)(6). *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

## I. Due Process Challenge to Additional Work under the Performance Bonds

Appellants argue that the district court erred in dismissing the claim that their due process rights were violated because the Town determined, without providing a hearing, that the performance bonds would not be released until they performed certain repairs and maintenance on

---

[1] Appellants do not challenge the district court's dismissal of several claims, relating to the Town's refusal to release the performance bonds, on ripeness grounds because there has been no final decision made by the Town with respect to the performance bonds. Nor do Appellants challenge the district court's determinations that: (1) the Town Board and the Town Planning Board are non-suable entities, and thus, the claims are properly asserted only against the Town of Brookhaven; (2) Appellants' overbreadth challenge fails as a matter of law; and (3) the procedural due process claim asserted with respect to the performance bonds under 42 U.S.C. § 1983 was duplicative to that asserted directly under the Constitution. Finally, to the extent that Appellants raise conclusory challenges on appeal to the dismissal of other claims in the amended complaint (such as their claims under the Equal Protection Clause and First Amendment), Appellants failed to properly brief those issues and, thus, we deem those claims abandoned. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (finding claim abandoned where appellant "devote[d] only a single conclusory sentence to the argument").

the subdivision infrastructure pursuant to Brookhaven Town Code § SR-17(C) and (F), even though such repairs and maintenance were allegedly not required under the bonds or conditional subdivision approvals. The district court dismissed this due process claim because the dispute, regarding the scope of work required under the performance bonds, is contractual in nature and did not involve a cognizable property interest under the Due Process Clause. As set forth below, we conclude that the district court properly dismissed the due process claim on this ground.

"In evaluating due process claims, the threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution." *Perry v. McDonald*, 280 F.3d 159, 173 (2d Cir. 2001) (alteration adopted) (internal quotation marks and citation omitted). A plaintiff must demonstrate more than "an abstract need or desire for" the matter at issue to show a protected property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Instead, a plaintiff must "have a legitimate claim of entitlement to it." *Id.* A clear claim of entitlement may be one "created and . . . defined by existing rules or understandings that stem from an independent source such as state law" or a contract. *Id.* "When determining whether a plaintiff has a claim of entitlement, we focus on the applicable statute, contract or regulation that purports to establish the benefit." *Martz v. Inc. Vill. of Valley Stream*, 22 F.3d 26, 30 (2d Cir. 1994). As we have emphasized, "although a public contract can confer a [constitutionally] protectible benefit, not every contract does so." *Id.*

Applying those principles here, we find that Appellants do not have a constitutionally protected property interest in the funds expended on additional repairs and maintenance. Whether the terms of the performance bonds require Appellants to perform additional repairs and maintenance before release of the bonds is governed by New York contract law. *See Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 n.4 (2d Cir. 2009) ("In New York, a bond is a contract and

we therefore look to standard principles of contract interpretation to determine the rights and obligations of a [party] under a bond." (internal quotation marks and citation omitted)). The district court correctly held that the alleged contractual rights under the performance bonds, which formed the basis of this due process claim, were insufficient to create a property interest that is cognizable under the Due Process Clause. As we have recognized, "the type of interest a person has in the enforcement of an ordinary commercial contract often is qualitatively different from the interests the Supreme Court has thus far viewed as property entitled to procedural due process protection." *Martz*, 22 F.3d at 30 (internal quotation marks and citation omitted). For example, the Supreme Court has found that a claimant has a property interest in a contract when the state's violation of the contract resulted in a revocation of the claimant's welfare benefits, *see generally Mathews v. Eldridge*, 424 U.S. 319 (1976), or an elimination of the claimant's tenured status in public employment, *see generally Perry v. Sindermann*, 408 U.S. 593 (1972). Here, Appellants cite no case authority to support their position that this type of ordinary contractual dispute under a performance bond rises to the level of a cognizable property interest under the Due Process Clause. In sum, we agree with the district court that "any changes to the terms of the performance bonds and the impact those changes may have on plaintiffs' businesses do not implicate a property interest that the Due Process Clause protects." *Grand Medford Ests.*, 2024 WL 185318, at *12. Accordingly, the district court properly dismissed this due process claim.

## II. Grand Medford's Due Process Challenge to Wetlands Designation

Grand Medford argues that the district court erred in rejecting its claim that the Town's Wetlands and Waterways Ordinance, set forth in Chapter 81 of the Brookhaven Town Code, is unconstitutional insofar as enforcement of the Town Code denied Grand Medford notice and an

5

opportunity to be heard before re-designating Lot 26 of Medford Gardens as wetlands, and subsequently taking it for public purposes. We disagree.

In assessing a procedural due process claim where a property interest exists, a court must determine "whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam). As relevant here, we have emphasized that Section 207 of New York Eminent Domain Procedure Law ("EDPL"), which permits judicial review of a public-use determination, provides sufficient process under the Due Process Clause. *See Brody v. Vill. of Port Chester*, 434 F.3d 121, 133 (2d Cir. 2005) (holding that "Due Process does not require New York to furnish a procedure to challenge public use beyond that which it already provides"); *see also Georgia v. City of Chattanooga*, 264 U.S. 472, 483 (1924) ("The taking is a legislative and not a judicial function, and an opportunity to be heard in advance need not be given.").

On appeal, Grand Medford does not dispute that the Town has the authority to take Lot 26 through eminent domain if Lot 26 is designated as wetlands following proper procedure; instead, Grand Medford contends that it violates due process to make that designation without first affording it notice and an opportunity to be heard with respect to any such designation under the Town Code. However, as the district court correctly noted, the amended complaint does not allege that Grand Medford failed to receive notice of the public use determination pursuant to EDPL Section 204. Moreover, pursuant to EDPL Section 207, after the Town published its determination and findings related to Lot 26, Grand Medford had thirty days to seek judicial review in New York state court of those findings, which covered the parcel's status as a protected wetland. Grand Medford failed to avail itself of that procedure. In short, Grand Medford failed to allege a violation of the EDPL and, to the extent that it argues that some type of additional process was required, that

6

argument is foreclosed by our holding in *Brody*. *See* 434 F.3d at 133 (concluding that "from a constitutional perspective, [the plaintiff] has no constitutional right to participate in the Village's initial decision to exercise its power of eminent domain, and the post-determination review procedure set forth in EDPL § 207 is sufficient" under the Due Process Clause (citing *Mathews*, 424 U.S. at 335)). As we explained in *Brody*, to hold otherwise "would impose an impossible burden on the condemnor and would represent an unwarranted judicial arrogation of the legislature's power to condemn." *Id.* at 134. Therefore, the district court properly dismissed this due process claim.

### III. Grand Medford's Substantive Due Process Claim

Grand Medford contends that the district court erred in dismissing its claim, under 42 U.S.C. § 1983, that the Town violated its substantive due process rights by delaying the issuance of two certificates of occupancy from November 2020 to April 2021. The district court dismissed that claim on the ground that "Grand Medford failed to adequately allege that the Town acted pursuant to a policy or custom under any *Monell* theory in delaying the issuance of the certificates of occupancy." *Grand Medford Ests.*, 2024 WL 185318, at *15.

To state a Section 1983 claim against a municipality, a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (internal quotation marks omitted) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). "Under *Monell*, official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* (alteration adopted) (internal quotation marks and citation omitted).

7

Here, assuming *arguendo* that Grand Medford pled a constitutionally protected property interest in the issuance of the certificates of occupancy, the amended complaint failed to sufficiently allege actions on the part of the Town that would plausibly support the existence of a municipal policy permitting the alleged delay.  Indeed, as the district court noted, the amended complaint concedes that this alleged policy was "NOT published anywhere," and "[was] not applied to the subdivisions of dozens of other similarly situated Brookhaven developers," and thereby fails to plausibly allege that it was a pervasive or widespread practice.  App'x at 337.  Nor does the amended complaint allege that any policymaker had authority to render a final decision with respect to delays in the issuance of certificates.  Although the amended complaint generally alleges that the Town's delay was pursuant to a "longstanding policy or custom," App'x at 373, that vague and conclusory allegation is insufficient to state a plausible *Monell* claim that survives a motion to dismiss.  *See Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015) (holding that a "general and conclusory allegation" of a municipal policy or custom fails to state a *Monell* claim).  Accordingly, the district court properly dismissed the substantive due process claim.

IV.     **Leave to Amend**

Appellants also challenge the district court's denial of their request for leave to amend the complaint.[2]  "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*."  *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).  The district court denied Appellants' request for leave to amend because they "fail[ed] . . . to attach a proposed amended complaint or otherwise indicate what their potential amendments

_____

[2]  We note that the district court dismissed the claims that were unripe without prejudice.  However, as to the claims challenged in this appeal, the dismissal was with prejudice.

8

would be" and "d[id] not explain the bases for any potential amendments." *Grand Medford Ests.*, 2024 WL 185318, at \*20. We discern no basis to disturb the district court's determination on that ground. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."); *see also City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014) (holding that it was not erroneous to deny leave to amend where "plaintiffs have identified no additional facts or legal theories—either on appeal or to the District Court—they might assert if given leave to amend"). Here, Appellants have failed to sufficiently articulate how they could cure the substantive defects identified by the district court in dismissing the above-referenced claims.[3] Therefore, the district court did not err in denying leave to amend.

*       *       *

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] With respect to the substantive due process claim under *Monell*, Grand Medford asserts (as it did in its opposition papers before the district court) that it can demonstrate the existence of a municipal policy through emails involving individuals who work for the Town, including, for example, the deputy town attorney and assistant civil engineer, who allegedly reference general practices or policies of the Town in the emails. However, the district court correctly concluded that, to the extent that information was included to show how the defect in the amended complaint could be cured, such an amendment would be futile because "[Grand Medford] neither asserts that any of these individuals are *Monell* policymakers nor explains how they may have final decision-making power regarding issuance of certificates of occupancy." *Grand Medford Ests.*, 2024 WL 185318, at \*14 n.13; *see Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000) ("Only those municipal officials who have 'final policymaking authority' may by their actions subject the government to § 1983 liability." (alteration adopted) (internal quotation marks and citation omitted)).